■ MENEASHA BROWN, an Infant, by Her Mother and Natural Guardian, GWENDOLYN WILLIAMS, et al., Respondents, v BOARD OF EDUCATION OF THE GLEN COVE PUBLIC SCHOOLS et al., Appellants, et al., Defendants. [700 NYS2d 58] —In an action to recover damages for personal injuries, etc., the defendants Board of Education of the Glen Cove Public Schools and Bruce Trousdell, and the Board of Education of Manhasset Union Free School District, s/h/a Board of Education of Manhasset Public Schools, U.F.S.D., and "John Doe", separately appeal from an order of the Supreme Court, Nassau County (Adams, J.), dated December 15, 1998, which denied their respective motions for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is reversed, on the law, with one bill of costs to the appellants appearing separately and filing separate briefs, the motions are granted, the complaint is dismissed insofar as asserted against the appellants, and the action against the remaining defendants is severed.

On May 22, 1995, following a softball game between the girls' teams of Manhasset High School and Glen Cove High School, the infant plaintiff, a player on the Glen Cove team, was alleg-

edly injured when two girls on the Manhasset team suddenly attacked her. After discovery, the appellants separately moved for summary judgment dismissing the complaint insofar as asserted against them. The Supreme Court denied their respective motions, finding that there were questions of fact as to the sufficiency of the appellants' supervision. We disagree.

It is well settled that "[s]chools are under a duty to adequately supervise the students in their charge and they will be held liable for foreseeable injuries proximately related to the absence of adequate supervision" (*Mirand v City of New York*, 84 NY2d 44, 49). Nevertheless, "[s]chools are not insurers of safety * * * for they cannot reasonably be expected to continuously supervise and control all movements and activities of students; therefore, schools are not to be held liable 'for every thoughtless or careless act by which one pupil may injure another' " (*Mirand v City of New York, supra*, at 49, quoting *Lawes v Board of Educ.*, 16 NY2d 302, 306). "In determining whether the duty to provide adequate supervision has been breached in the context of injuries caused by the acts of fellow students, it must be established that school authorities had sufficiently specific knowledge or notice of the dangerous conduct which caused injury; that is, that the third-party acts could reasonably have been anticipated" (*Mirand v City of New York, supra*, at 49).

According to the infant plaintiff, there was no previous history of problems between the two teams, or between her and the girls who attacked her. The only evidence of prior misconduct on the part of the two girls who attacked her was that one of the girls had behavioral problems which did not involve physical altercations. Under these circumstances, the appellants sustained their burden of showing that they had no actual or constructive knowledge of dangerous conduct on the part of the infant plaintiff's attackers, and they could not have reasonably foreseen the sudden unprovoked attack on the infant plaintiff. Thus, the action must be dismissed insofar as asserted against the appellants (*see, Mirand v City of New York, supra*; *Kennedy v Seaford Union Free School Dist. No. 6*, 250 AD2d 574; *Danna v Sewanhaka Cent. High School Dist.*, 242 AD2d 361). S. Miller, J. P., Thompson, Krausman, Florio and Schmidt, JJ., concur.