■ RITA BILLINGER, Individually and as Parent and Natural Guardian of JOHN BILLINGER, an Infant, et al., Appellants, v BOARD OF EDUCATION OF AMITYVILLE UNION FREE SCHOOL DISTRICT, Respondent. (Action No. 1.) In the Matter of the Estate of RONEAL ARTIS, Deceased, by His Father and Administrator, RAYMOND MORRISON, Appellant, v BOARD OF EDUCATION OF AMITYVILLE UNION FREE SCHOOL DISTRICT, Respondent. (Action No. 2.) [706 NYS2d 178] —In consolidated actions, *inter alia,* to recover damages for personal injuries, etc., the plaintiffs in Action Nos. 1 and 2 appeal from (1) an order of the Supreme Court, Suffolk County (Doyle, J.), entered February 8, 1999, which granted the defendant's motion for summary judgment dismissing the complaints in both actions, and (2) a judgment of the same court, entered April 9, 1999, which dismissed the complaints. The plaintiffs' notice of appeal from the order is also deemed to be a notice of appeal from the judgment (*see,* CPLR 5501 [c]).

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the respondent is awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see,* CPLR 5501 [a] [1]).

On February 1, 1993, the plaintiff Rita Billinger and her son, John Billinger, visited the Amityville Memorial High School to meet with school officials. After the meeting, John, together with his relatives Shaheem Purdie and Roneal Artis, visited the school cafeteria. After exiting the cafeteria, they encountered Shem McCoy, a student, who fired a revolver at close range. As a result of the incident, Artis died and John Billinger received a bullet wound. The plaintiffs commenced these actions alleging, *inter alia,* negligent supervision.

While schools are under a duty to adequately supervise the students in their care, they are not insurers of the students' safety (*see, Mirand v City of New York,* 84 NY2d 44, 49). To es-

tablish a cause of action to recover damages for breach of the duty to provide adequate supervision, a plaintiff must demonstrate that school authorities "had sufficiently specific knowledge or notice of the dangerous conduct which caused injury; that is, that the third-party acts could reasonably have been anticipated" (*Mirand v City of New York, supra,* at 49). A plaintiff must also establish that the alleged breach of the duty to provide adequate supervision was a proximate cause of the injuries sustained (*see, Mirand v City of New York, supra,* at 50; *Schlecker v Connetquot Cent. School Dist.,* 150 AD2d 548).

Here, the defendant established as a matter of law that it lacked notice of prior similar acts, and the plaintiffs failed to raise any triable issues of fact in opposition to the defendant's motion for summary judgment. Accordingly, the defendant was entitled to summary judgment.

The plaintiffs' remaining contentions are without merit. O'Brien, J. P., Thompson, S. Miller and H. Miller, JJ., concur.