James THOMAS, next friend
of Jonathan Thomas,
Plaintiff,

v.

CITY LIGHTS SCHOOL, INC.,
et al., Defendants.

Public Citizen, Inc., Plaintiff,

v.

Jacob J. Lew, Director of the Office
of Management and Budget, et
al., Defendants.

No. CIV.A.99–1555 SSH.

United States District Court,
District of Columbia.

Dec. 13, 2000.

Brian William Shaughnessy, Shaughnessy, Borowski & Gagner, Washington, DC, for Plaintiff.

Dennis B. Auerbach, Covington & Burling, Washington, DC, for Defendants.

## OPINION AND ORDER

STANLEY S. HARRIS, District Judge.

Before the Court is the Motion To Dismiss Defendant City Lights School, Inc. ("City Lights") pursuant to Fed.R.Civ.P. 12(b)(6), plaintiff's opposition thereto, and City Light's reply.[1] The Court denies the motion to dismiss. "Findings of fact and conclusions of law are unnecessary on decisions of motions under Rule 12 or 56." Fed.R.Civ.P. 52(a); *Summers v. Department of Justice*, 140 F.3d 1077, 1079–80 (D.C.Cir.1998). Nonetheless, the Court sets forth its reasoning.

### Background

On or about May 11, 1998, plaintiff visited the National Zoological Park ("the Zoo") in Washington, D.C., while on a field trip with his school. Plaintiff alleges that during that trip, he was assaulted, kicked, and beaten by five male students, who were also on a school field trip. These students attended City Lights, a private, non-profit school, chartered under District of Columbia law, for at-risk youths. Plaintiff alleges that at the time of attack, the students were unsupervised. Plaintiff alleges that he suffered a concussion and injuries to multiple areas of his body. Plaintiff filed a lawsuit in the Superior Court of the District of Columbia, alleging one count of negligent supervision against City Lights and one count of assault against each of the five individual defendants. The case was removed to this Court pursuant to 28 U.S.C. § 1446.[2]

### Analysis

City Lights moves to dismiss for failure to state a claim. Plaintiff's complaint alleges that "City Lights had a duty to supervise its students," Compl. ¶ 9, that "the five students were unsupervised," Compl. ¶ 8, and that the alleged failure to supervise proximately caused plaintiff to suffer great bodily harm, Compl. ¶¶ 11–13. City Lights contends that the complaint must be dismissed because, as a matter of law in the District of Columbia, "City Lights owed no duty to [plaintiff] to provide a constant watch over its students during a school field trip in order to prevent a unforeseeable act of violence." Def.'s Mot. To Dismiss at 1–2.

Plaintiff counters that City Lights does owe a common-law duty, by virtue of the principle enunciated in Restatement (2d) Torts § 319:

> One who takes charge of a third person whom he knows or should know to be likely to cause bodily harm to others if not controlled is under a duty to exercise reasonable care to control the third person to prevent him from doing such harm.

City Lights responds that resorting to the "dangerous propensity" principle of § 319 does not save plaintiff's complaint from dismissal, because plaintiff makes no allegations in his complaint that the five students were likely to cause bodily harm, or, even if they did, that City Lights knew or should have known that. Therefore, even if all the allegations in the complaint were accepted as true, there is no basis for recovery from City Lights. The Court concludes that City Lights may well have owed a duty to plaintiff, arising from two possible theories, and the Court declines to dismiss the complaint for insufficiency of factual allegations.

### A. Standard

"[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."

---

1. The five individual defendants, namely Sedrick Lee Williams, Calvin Lee Washington, Ronald Roscoe Whitner, Benjamin L. Burton, and Mitchell Lamont Fernandios, have not joined in, or submitted any position on, this motion to dismiss.

2. The Court finds that jurisdiction is proper, as plaintiff is a resident and citizen of Virginia, all defendants are residents and citizens of the District of Columbia, and plaintiff seeks compensatory damages in the amount of $100,000.

*Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). Plaintiff's factual allegations must be presumed true and liberally construed in his favor when reviewing the adequacy of a complaint for purposes of a Rule 12(b)(6) motion. *Phillips v. Bureau of Prisons,* 591 F.2d 966, 968 (D.C.Cir.1979) (citing *Miree v. DeKalb County, Georgia,* 433 U.S. 25, 27 n. 2, 97 S.Ct. 2490, 53 L.Ed.2d 557 (1977)).

It is well-settled that in any negligence claim, a person is liable to another only if "(1) the defendant owed a duty of care to the plaintiff, (2) the defendant breached that duty, and (3) the breach of duty proximately caused damage to the plaintiff." *Brown v. Consolidated Rail Corp.,* 717 A.2d 309, 311–12 (D.C.1998); *White v. United States,* 780 F.2d 97, 102 (D.C.Cir. 1986). If City Lights is correct that no duty exists between defendant and plaintiff, then plaintiff's claim against it must fail. The initial question before the Court therefore is whether City Lights owed a duty to plaintiff.

**B. Existence of duty**

 Whether a legal duty exists between a defendant and a plaintiff is a question of law to be determined by the court. *In re Sealed Case,* 67 F.3d 965, 968 (D.C.Cir.1995). The substantive tort law of the District of Columbia governs this diversity action. *See Joy v. Bell Helicopter Textron, Inc.,* 999 F.2d 549, 553 (D.C.Cir.1993). The existence and scope of a school's duty of care to third parties during a field trip is one of first impression in the District of Columbia. The Court "must determine issues of state law as it believes the highest court of the state would determine them, not necessarily (although usually this will be the case) as they have been decided by other state courts in the past." Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure Civil 2d § 4507 at p. 130 (1996); *Independent Petrochemical Corp. v. Aetna Cas. and Sur. Co.,* 944 F.2d 940, 944 (D.C.Cir.1991).

In determining the existence of a duty, the Court considers a number of things. The Court should determine the existence of a duty "by reference to the body of statutes, rules, principles, and precedents . . . ." *Id.* (citing W. Page Keeton et al., Prosser and Keeton on the Law of Torts § 37 at 236 (5th ed.1984)). Furthermore, the foreseeability of harm is an important factor, and often goes to define the scope of the duty, "based on the recognition that duty must be limited to avoid liability for unreasonably remote consequences." *W.C. & A.N. Miller Companies v. United States,* 963 F.Supp. 1231, 1243 (D.D.C. 1997); *Knippen v. Ford Motor Company,* 546 F.2d 993, 1000 (D.C.Cir.1976). However, "whether a duty exists is not simply a question of foreseeability. [It] is ultimately a question of fairness . . . . [and] involves a weighing of the relationship of the parties, the nature of the risk, and the public interest in the proposed solution." *Knippen,* 546 F.2d at 1000. *See W.C. & A.N. Miller,* 963 F.Supp. at 1243; *District of Columbia v. Doe,* 524 A.2d 30, 32 (D.C. 1987).

There may be at least two theories upon which City Lights owed a duty to plaintiff. The first is based on a school's duty to supervise its students. The second is based on the common law duty imposed on any one who takes charge of a third person whom he knows or should know is likely to cause bodily harm to others if not controlled.

**1. A school's duty to supervise**

 Although "a school district is not the insurer of the complete safety of school children, nor is it strictly liable for any injuries which may occur to them," *District of Columbia v. Cassidy,* 465 A.2d 395, 397 (D.C.1983), a secondary school owes a duty to its students "to exercise reasonable and ordinary care for the protection of pupils to whom it provides an education." *District of Columbia v. Doe,* 524 A.2d 30, 32 (D.C.1987); *see District of Columbia v. Royal,* 465 A.2d 367, 369 (D.C.1983) ("Teachers and school boards . . . have an

obligation to supervise the activity of students when the school is entrusted with their care.").

■ A school's duty to supervise its students, however, is limited to a reasonable duty to guard against foreseeable harm. "[D]uty . . . is restricted by the common law tort principle that limits liability to those injuries which are reasonably foreseeable results of one's action or inaction." *Cassidy*, 465 A.2d at 397. *See J.N. v. Bellingham Sch. Dist. No. 501*, 74 Wash. App. 49, 871 P.2d 1106, 1111 ("the activities will be foreseeable only if the district knew or in the exercise of reasonable care should have known of the risk that resulted in their occurrence") (Wash.Ct.App. 1994) (citation and quotation omitted); *Billinger v. Board of Education of Amityville Union Free Sch. Dist.*, 271 A.D.2d 630, 706 N.Y.S.2d 178, 179 (N.Y.App.Div.2000). This duty applies equally to private schools as to public schools. *See Summers v. St. Andrew's Episcopal Sch., Inc.*, 759 So.2d 1203, 1212–13 (Miss.2000).

■ A school's duty to supervise its students to guard against foreseeable harm continues to exist in the context of a field trip. *E.g., Bell v. Board of Education of the City of New York*, 90 N.Y.2d 944, 665 N.Y.S.2d 42, 687 N.E.2d 1325, 1327 (1997) (school's duty to supervise during field trip to park includes guarding against foreseeable risk of rape); *Fazzolari v. Portland Sch. Dist. No. 1J*, 303 Or. 1, 734 P.2d 1326, 1337 (1987) (a school district's duty to supervise its students "applies to students taken on a school-sponsored field trip as much as on the school's home grounds, though foreseeable risks and reasonable care of course may differ."); *Jackson v. Colvin*, 732 So.2d 530, 533 (La.Ct.App. 1998).

■ The foregoing discussion establishes that a school owes a duty to its own students to supervise those students against foreseeable risks of harm during a field trip. This case, however, presents a question of what duty, if any, a school owes to *a member of the public* when taking its students on a field trip. The Court finds that the same type of duty exists: that is, that a school owes a duty to supervise its students to prevent foreseeable harm from occurring to members of the public while on a field trip.

First, other courts have found that a school owes a duty to a person who is injured by one of its improperly supervised students. In *Fazzolari v. Portland Sch. Dist. No. 1J*, the Oregon Supreme Court stated that "[w]hat cases commonly call a school's 'duty of supervision' refers not only to a student whose conduct injures the plaintiff but to students who are injured by others or by themselves." 734 P.2d at 1337. Similarly, in *Alake v. City of Boston*, a Massachusetts state court allowed a subway patron to sue a public school for improperly supervising a group of high school students who were on field trip and injured her on a subway escalator. 40 Mass.App.Ct. 610, 666 N.E.2d 1022 (1996). *See Ragnone v. Portland Sch. Dist. No. 1J*, 291 Or. 617, 633 P.2d 1287, 1291–2 (1981) (school had obligation to exercise reasonable care in supervising its students to prevent injury to visitor lawfully on school grounds).

Second, just as a school's duty to supervise its students to prevent harm to those students extends only to foreseeable harm, the Court finds that a school's duty to supervise its students to prevent harm to non-students extends only to foreseeable harm. It is infeasible for a school to provide constant supervision over its students to prevent harm to non-students, nor is the school strictly liable for any injury that its students may cause as a result of lack of supervision. *See Ballard v. Polly*, 387 F.Supp. 895, 899 (D.D.C.1975) ("If no special dangerous condition exists, a school is of course not under a duty to supervise all the movements of its students at all times."). The Court finds applicable the general tort principle that "a common law duty of care extends only to the prevention of those injuries which are the reasonably

foreseeable results of one's action or inaction." *Id.* at 898.

This principle has been applied in similar cases. In *Brown v. Board of Education of Glen Cove,* a softball player was attacked by two members of the opposing team, and she sued not only her own school for breach of a duty to protect against the injury, but also the opposing team's school. 267 A.D.2d 267, 700 N.Y.S.2d 58, 60 (2nd Dept.1999). The court granted summary judgment against the plaintiff because neither school district had actual or constructive knowledge of the attacking students' potentially dangerous behavior and thus, the school districts "could not have reasonably foreseen the sudden unprovoked attack . . . ." *Id.* The court made such a finding in part because "there was no previous history of problems between the two teams, or between her and the girls who attacked her," and "[t]he only evidence of prior misconduct on the part of the two girls who attacked her was that one of the girls had behavioral problems which did not involve physical altercations."

A school's duty to supervise its students is particularly important in the context of field trips. The Court finds instructive a New Jersey state case, in which the court discussed field trips in the context of searches of students prior to taking a field trip. In *Desilets v. Clearview Regional Board of Education,* a New Jersey Superior Court suggested that greater supervision of students is needed on field trips to protect not only the students from harm, but also the public. 265 N.J.Super. 370, 627 A.2d 667, 672–3 (1993). The Court stated:

> [t]he need for close supervision in the schoolhouse is intensified on field trips where opportunities abound to elude the watchful eyes of chaperones. Administrators and teachers have a duty to protect students from the misbehavior of other students. In the context of a field trip, we add to that burden the duty to protect the general population from stu-

dent mischief . . . . The potential is limited only by the boundaries of the fertile imaginations of children who have a known proclivity to act impulsively without thought of the possibilities of danger. It is precisely this lack of mature judgment which makes supervision so vital.

627 A.2d at 672–3 (citations and quotations omitted). *See Webb v. McCullough,* 828 F.2d 1151, 1157 (6th Cir.1987) ("there are many more ways for a student to be injured or to transgress school rules or laws during a non-curricular field trip than during relatively orderly school hours.").

The Court recognizes the educational value of school field trips. But just as a school must exercise reasonable care to supervise its students on school grounds, so too should it exercise reasonable care in supervising its students to prevent foreseeable harm to members of the public during the field trip.

### 2. A duty under Restatement (2d) Torts § 319

City Lights may also owe a duty by virtue of the common-law principle enunciated in Restatements (2d) of Torts § 319. Courts have applied § 319 in many contexts where someone has taken charge of a third person who he knows or should know is likely to cause bodily harm. For example, in *Nova Univ., Inc. v. Wagner,* the Florida Supreme Court relied on § 319 to impose a duty on a private, residential rehabilitation program that accepted children with behavior problems when two of its residents killed and seriously injured two children. 491 So.2d 1116, 1118 (Fla. 1986). The court determined that "a child care institution that accepts as residents delinquent, emotionally disturbed and/or ungovernable children [has] a duty to exercise reasonable care in its operation to avoid harm to the general public[.]" *Id.* In *White v. United States,* 780 F.2d 97, 103 (D.C.Cir.1986), this Circuit applied § 319 to find that a mental hospital (St. Elizabeths Hospital) which has custody over criminally insane patients owes a duty to

the public to exercise reasonable care to control their patients.

■ It is important, however, that each element of the principle enunciated in § 319 is established to impose liability. Section 319 would impose a duty if City Lights (1) took charge of the five students within the meaning of § 316, (2) if the five students were likely to cause bodily harm to others if not controlled, and (3) if City Lights knew or should have known of the students' propensity to cause bodily harm. For example, in *Abraham v. Wayside Cross Rescue Mission,* the operator of an in-patient rehabilitation center and half-way house did not owe a duty to the wife of a patient because the facility did not exert sufficient custodial control over its patients, the evidence did not establish that the facility knew or should have known that the patient was likely to cause bodily harm, and the residents were not serving out criminal sentences but rather were alcoholics and homeless persons seeking help and shelter. 289 Ill.App.3d 1048, 225 Ill.Dec. 163, 682 N.E.2d 1240, 1244–45 (1997). *See Dudley v. Offender Aid and Restoration of Richmond, Inc.,* 241 Va. 270, 401 S.E.2d 878, 881 (1991) (a halfway house had a duty to the public under § 319 because it had "taken charge of" its residents within the meaning of § 319); *Fox v. Custis,* 236 Va. 69, 372 S.E.2d 373 (1988) (parole officers had no duty to public under § 319 because they did not "take charge of" the parolee).

## C. Sufficiency of complaint

City Lights contends that if plaintiff is attempting to establish the existence of a duty based on § 319, then plaintiff has not made sufficient allegations to survive a motion to dismiss (specifically, they have not alleged that City Lights knew or

should have known that the students were likely to cause bodily harm to others). The Court therefore assesses the adequacy of the complaint for both the existence of duty under § 319 and a school's duty to supervise its students.

A plaintiff need not "set out in detail the facts upon which he bases his claim." *Conley v. Gibson,* 355 U.S. at 47–8, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). Under the liberal "notice pleading" standards set forth in Fed.R.Civ.P. 8(a)(2), a complaint need only provide "a short and plain statement of the claim showing that the pleader is entitled to relief." In reversing a district court's dismissal of a complaint that did not set out each element of a prima facie case, this Circuit recently reiterated that " '[c]omplaints need not plead law or match facts to every element of a legal theory.' " *Sparrow v. United Air Lines, Inc.,* 216 F.3d 1111, 1114 (D.C.Cir.2000) (quoting *Krieger v. Fadely,* 211 F.3d 134, 136 (D.C.Cir.2000).) *See Caribbean Broad. Sys., Ltd. v. Cable & Wireless PLC,* 148 F.3d 1080, 1086 (D.C.Cir.1998) ("[A] plaintiff need not allege all the facts necessary to prove its claims."); *Atchinson v. District of Columbia,* 73 F.3d 418, 421–22 (D.C.Cir.1996) ("A complaint ... need not allege all that a plaintiff must eventually prove .... ")

The Court finds that the complaint meets this liberal standard if pursuing either theory that a duty is imposed on the basis of § 319 or under a school's duty to supervise its students. The Court does not believe that plaintiff set forth the element under § 319 that City Lights knew or should have known of the students' dangerous propensities, but this omission is allowable under the liberal "notice-pleading" standard.[3]

---

**3.** The Court believes that plaintiff's allegation in his complaint that "City Lights operates ... a private, non-profit school for at risk children ages twelve to twenty-two years of age" is insufficient to infer an assertion that the five individual defendants had dangerous propensities which City Lights knew or

should have known were likely to cause bodily harm to others.

Plaintiff does state, in his opposition, that "City Lights was and is aware of their students' dangerous propensities .... City Lights knew or should have known that the co-defendants, with their histories of delinquency,

Furthermore, the complaint sufficiently states a claim under the theory that a school owes a duty to exercise reasonable care in supervising its students to prevent foreseeable harm to non-students. City Lights cites only one case, *Mancha v. Field Museum of Natural History*, 5 Ill. App.3d 699, 283 N.E.2d 899 (1972), in support of its position to dismiss the complaint. The *Mancha* court found that an attack on a student at a museum was unforeseeable and thus as a matter of law, the school owed no duty to the plaintiff. *Id.* at 901–2. City Lights argues that like a museum, the risk of assault at a zoo is unforeseeable, and thus, as a matter of law, City Lights owes no duty to guard against it.

The Court declines to follow the outcome in *Mancha*. No duty existed in *Mancha* because the risk of assault during a field trip to a museum was unforeseeable, given the typically non-violent nature of a museum. *Id.* at 902. Furthermore, in that case, the plaintiff was a student suing his own school for breach of the duty to properly supervise and protect him from foreseeable harm. Here, however, plaintiff is suing the school of his attackers, and thus, the foreseeability of assault is not dependent only upon the nature of a zoo, but also in large part upon any history of assault by his attackers known to City Lights.

The Court finds that, construing the facts in plaintiff's favor, plaintiff may be able to prove a set of facts that support his claim, specifically that City Lights owed a duty because the harm was foreseeable and City Lights did not exercise reasonable care in supervising its students to prevent that harm. Given the unsettled

law in the District of Columbia with respect to a school's duty to a member of the public during a field trip, the Court declines to dismiss the complaint.

**Conclusion**

The role that City Lights plays in providing appropriate educational environments for at-risk youth is an important one. The effect of imposing unduly heavy burdens on schools could be to discourage them from affording valuable extracurricular opportunities to its students. *Mancha*, 283 N.E.2d at 902. The Court is mindful of that consideration, and carefully balances it with the importance of protecting others from foreseeable harm. Given the need to determine whether the harm was foreseeable in order to determine whether a duty exists, the Court cannot at this stage find that, as a matter of law, no duty exists. Accordingly, it hereby is

ORDERED, that defendant City Lights's motion to dismiss is denied. It hereby further is

ORDERED, that the parties shall meet and confer by January 5, 2001, and submit a report to the Court in accordance with Local Civil Rule 16.3 by January 15, 2001.[4]

SO ORDERED.

---

were likely to cause harm to others unless supervised and controlled. The facts will show that the school has a history of negligent supervision of these youth offenders." Pl.'s Opp. at 3–4. The Court, however, cannot consider factual allegations contained in briefs on a Rule 12(b)(6) motion to dismiss. *Shapiro, Lifschitz & Schram, P.C. v. R.E. Hazard*, 24 F.Supp.2d 66, 79 n. 17 (D.D.C.1998).

4. While Local Civil Rule 16.3 provides for the parties' meeting to occur within 15 days and the joint report to be filed 10 days thereafter, the Court recognizes that the upcoming holidays may necessitate an extension of time. The Court therefore sets forth a schedule with additional time.