■ RAYON BAKER, Respondent, v TRINITY-PAWLING SCHOOL, Appellant, et al., Defendant. TRINITY-PAWLING SCHOOL, Third-Party Plaintiff, v HOTCHKISS SCHOOL, Third-Party Defendant-Appellant. [800 NYS2d 10]—

Order, Supreme Court, Bronx County (Sallie Manzanet, J.), entered on or about October 6, 2004, which denied defendant and third-party plaintiff Trinity-Pawling School's motion for summary judgment dismissing the complaint, denied third-party defendant Hotchkiss School's motion for summary judgment dismissing the third-party complaint, and granted plaintiff

Rayon Baker's cross motion for leave to file an amended complaint asserting a direct claim against Hotchkiss, unanimously reversed, on the law, without costs, Trinity's and Hotchkiss's motions for summary judgment granted, plaintiff's cross motion denied, and the complaint and third-party complaints dismissed. The Clerk is directed to enter judgment accordingly.

This is a personal injury action in which plaintiff, a student basketball player at Hotchkiss, alleges that he was injured as the result of an assault by Carl Elliott, a student basketball player at Trinity. The assault followed a basketball game between the two schools at Hotchkiss on February 12, 2000. Plaintiff testified at a deposition that he was unaware of any rivalry between the schools and that he had never been cited for any disciplinary problems while at Hotchkiss. Plaintiff stated that during the course of the game, he was punched in the eye and elbowed in the mouth, although he was unaware which of the Trinity players hit him in either circumstance. Plaintiff averred that Elliott threatened him at the postgame handshake and, as he was leaving the building, he was hit from behind and fell down, at which point Elliott jumped on top of him and began striking him.

The Trinity coach also testified that there was no special rivalry between the schools, that plaintiff was hit with an inadvertent elbow by a player named Billy Allen, and that there had been a commotion in the handshake line. The coach stated that plaintiff and Elliott had words, and that the assault by Elliott, according to some of his other players, was provoked by plaintiff, who had spit on Elliott. Elliott, the coach noted, also had no prior history of violent behavior.

The Hotchkiss coach echoed plaintiff's claim that plaintiff had no history of behavior problems, and stated that plaintiff was not violent or aggressive, and that although the game was loud and intense, there was no excessive jeering or fouling. The coach maintained that there was a disruption in the handshake line between Elliott and plaintiff, but nothing physical occurred, although the coach later saw plaintiff upset and holding his face, while other players explained that plaintiff had been jumped.

The motion court found, inter alia, that issues of fact existed as to whether the assault could have reasonably been anticipated by the Hotchkiss and Trinity coaches based on the behavior of the players throughout the game; that the Hotchkiss coach had some awareness of the animosity among the players based on his admission that he was aware plaintiff had gotten hit in the

eye during the game; and that he knew plaintiff and Elliott had argued during the handshake ceremony. Hotchkiss and Trinity appeal, and we now reverse.

It is well established that schools are under a duty to provide adequate supervision to ensure the safety of the students in their charge and will be held liable for foreseeable injuries which are proximately caused by the absence of adequate supervision (*Mirand v City of New York*, 84 NY2d 44, 49 [1994]; *Brown v Board of Educ. of Glen Cove Pub. Schools*, 267 AD2d 267, 268 [1999]). The standard differs, however, in the background of school-sponsored extracurricular athletic activities for, "[i]n the context of wholly voluntary participation in intramural, interscholastic and other school-sponsored extracurricular athletic endeavors, we have required the exercise of the less demanding ordinary reasonable care standard" (*Benitez v New York City Bd. of Educ.*, 73 NY2d 650, 656 [1989]; *Barretto v City of New York*, 229 AD2d 214, 218 [1997], *lv denied* 90 NY2d 805 [1997]), which is defined as "ordinary reasonable care to protect student athletes . . . from unassumed, concealed or unreasonably increased risks" (*Benitez v New York City Bd. of Educ.*, 73 NY2d at 658; *Vecchione v Middle Country Cent. School Dist.*, 300 AD2d 471 [2002]).

Moreover, "[i]n determining whether the duty to provide adequate supervision has been breached in the context of injuries caused by the acts of fellow students, it must be established that school authorities had sufficiently specific knowledge or notice of the dangerous conduct which caused injury; that is, that the third-party acts could reasonably have been anticipated" (*Mirand v City of New York*, 84 NY2d at 49; *see also Siller v Mahopac Cent. School Dist.*, 18 AD3d 532 [2005]).

In the matter at bar, there was no prior history of violent conduct or behavioral problems on the part of plaintiff or Elliott, or between the two teams, so as to have placed defendants on notice of the alleged conduct which caused plaintiff's injuries. In addition, there was no violent history between plaintiff and Elliott, and Elliott was concededly not part of either the elbowing or eye-punching incidents, which themselves were not shown to be outside the bounds of normal play. In sum, Trinity and Hotchkiss have demonstrated that they had no actual or constructive knowledge of dangerous conduct on the part of plaintiff's attacker, and, accordingly could not have reasonably foreseen the attack on plaintiff. Plaintiff's cross motion for leave to amend the complaint to interpose a direct claim against Hotchkiss is denied, as academic, in light of the foregoing. Concur—Tom, J.P., Andrias, Sullivan, Nardelli and Williams, JJ.