■ JANE DOE et al., Appellants, v DEPARTMENT OF EDUCATION OF CITY OF NEW YORK et al., Respondents. [862 NYS2d 598]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from a judgment of the Supreme Court, Queens County (Hart, J.), entered January 10, 2007, which, upon the granting of the defendants' motion pursuant to CPLR 4401 for judgment as a matter of law, made at the close of the plaintiffs' case, is in favor of the defendants and against them, dismissing the complaint.

Ordered that the judgment is reversed, on the law, the motion pursuant to CPLR 4401 is denied, the complaint is reinstated, and the matter is remitted to the Supreme Court, Queens County, for a new trial before a different Justice, with costs to abide the event.

The plaintiff Jane Doe, along with her father, suing derivatively, commenced this action against the defendants Department of Education of the City of New York (hereinafter DOE) and the City of New York seeking to recover damages for injuries she allegedly sustained on December 2, 2002, when she was sexually assaulted by a fellow student in a stairwell of Bayside High School (hereinafter the school).

While not insurers of the safety of students, schools are "under a duty to adequately supervise the students in their charge and they will be held liable for foreseeable injuries proximately related to the absence of adequate supervision" (*Mirand v City of New York*, 84 NY2d 44, 49 [1994]). In general, a school's duty is to supervise its students with the same degree of care as a parent of ordinary prudence would exercise in comparable circumstances (*see Mirand v City of New York*, 84 NY2d at 49; *Lawes v Board of Educ. of City of N.Y.*, 16 NY2d 302, 305 [1965]; *Smith v Poughkeepsie City School Dist.*, 41 AD3d 579, 580 [2007]; *Shante D. v City of New York*, 190 AD2d 356, 361 [1993], *affd* 83 NY2d 948 [1994]; *Logan v City of New York*, 148 AD2d 167, 168 [1989]). To establish a breach of the duty to provide adequate supervision in a case involving injuries caused by the acts of fellow students, a plaintiff must show that school authorities "had sufficiently specific knowledge or notice of the dangerous conduct which caused injury; that is, that the third-party acts could reasonably have been anticipated" (*Mirand v City of New York*, 84 NY2d 44, 49 [1994]; *McLeod v City of New York*, 32 AD3d 907, 908 [2006]; *Wood v Watervliet City School Dist.*, 30 AD3d 663 [2006]; *Brown v Board of Educ. of Glen Cove Pub. Schools*, 267 AD2d 267, 268 [1999]).

The Supreme Court improvidently exercised its discretion in precluding evidence that was relevant to the plaintiffs' negligent supervision cause of action. Generally, evidence is relevant and admissible "if it has any tendency in reason to prove the existence of any material fact, i.e., it makes determination of the action more probable or less probable than it would be without the evidence" (*Ochoa v Jacobsen Div. of Textron, Inc.*, 16 AD3d 393, 394 [2005], quoting *American Motorists Ins. Co. v Schindler El. Corp.*, 291 AD2d 467, 468-469 [2002]). Here, certain evidence sought to be admitted by the plaintiffs, which consisted of the alleged student attacker's prior school records, as well as rec-

ords of prior assaults by students at the school, including a rape that was initiated in a stairwell, was probative with respect to the issue of whether the alleged attack on the plaintiff was foreseeable. Moreover, evidence, inter alia, that a DOE school aide assigned to patrol the third-floor hallway and an abutting stairwell where the attack allegedly took place never patrolled that stairwell, and that a School Safety Agent who was absent on the day in question was not replaced, was probative with respect to whether the defendants breached their duty to provide adequate supervision.

The Supreme Court also erred in precluding the testimony of the plaintiffs' expert witnesses, since the proffered testimony went to matters beyond the ken of the ordinary juror and would have aided the jury in determining whether the attack on the plaintiff was foreseeable and whether the defendants breached their duty to provide adequate supervision.

"To be entitled to judgment as a matter of law pursuant to CPLR 4401, the defendant has the burden of showing that, upon viewing the evidence in the light most favorable to the plaintiff, the plaintiff has not made out a prima facie case" (*Nichols v Stamer,* 49 AD3d 832, 833 [2008]; *Godlewska v Niznikiewicz,* 8 AD3d 430, 431 [2004]; *Farrukh v Board of Educ. of City of N.Y.,* 227 AD2d 440, 441 [1996]). The defendants here failed to meet their burden. Taking into account the evidence improperly precluded by the Supreme Court, the plaintiffs' evidence was sufficient to make out a prima facie case of negligent supervision. Accordingly, the Supreme Court erred in granting the defendants' motion pursuant to CPLR 4401 for judgment as a matter of law.

The Supreme Court improvidently exercised its discretion in, among other things, unnecessarily and repeatedly questioning the plaintiffs' witnesses in a manner designed to elicit responses commensurate with the Supreme Court's apparent evaluation of the plaintiffs' case as deficient (*see O'Brien v Barretta,* 1 AD3d 330, 331 [2003]; *Mantuano v Mehale,* 258 AD2d 566, 567 [1999]; *Gerichten v Ruiz,* 80 AD2d 578 [1981]). In view of the bias in favor of the defendants exhibited by the Supreme Court, a new trial before a different Justice is required.

In light of our determination, we do not reach the plaintiffs' remaining contentions. Mastro, J.P., Spolzino, Balkin and Leventhal, JJ., concur.