■ JENEXY ESPONDA, an Infant, by Her Mother and Natural Guardian, BLANCA ESPONDA, et al., Respondents, v CITY OF NEW YORK et al., Appellants. [878 NYS2d 330]—

Order, Supreme Court, Bronx County (Larry S. Schachner, J.), entered on or about December 21, 2007, which, to the extent appealed from as limited by the briefs, denied defendants' motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment in favor of defendants dismissing the complaint.

Plaintiffs' negligence action is premised on allegedly inadequate supervision by the infant plaintiff's elementary school. In September 2005, plaintiff, a student in the third grade, injured her wrist during a fire drill when two other students bumped into her from behind, causing her to fall. The evidence established that the school's entire population of about 1,000 students, teachers, administrators and others participated in the drill. Plaintiff's classroom teacher testified that, before the

drill began, he instructed the children in his class that, when the alarm rang, they were to line up in pairs, exit the classroom on the school's third floor, proceed downstairs to the school's ground floor using the stairwell, exit the school from the main door, go down the front steps onto the public sidewalk in front of the school, and then cross to the other side of the street. The teacher further instructed the class to walk quickly but not to run, and to behave, remain quiet, and not to do anything inappropriate.

When the alarm rang and the drill commenced, the teacher went to the head of the line and led the children out of the school. He testified that when he reached the sidewalk he looked to make sure no cars were coming down the street and looked back before crossing to check that the entire class had exited. He estimated that the line of children he led was about 15 feet long, and that from the time the class exited the classroom until they reached the other side of the street, he looked back about five times to check on his students.

At a hearing conducted pursuant to General Municipal Law § 50-h in January 2006, plaintiff testified that she was still on the sidewalk in front of the school when the teacher reached the other side of the street. She was running to catch up with her teacher and her class when she either stopped or slowed down to a walk, at which point "two big kids" who were not in her class bumped into her. In an affidavit dated September 6, 2007, plaintiff stated that she fell "as a result of being pushed from behind by two older students who were running." She also stated that she did not tell her teacher that she had hurt her wrist until the drill ended and she returned to her classroom.

Plaintiff asserts that her injury was caused by the school's inadequate supervision. According to plaintiff, her teacher should not have been leading the line of students crossing the street, but instead should have been in the middle or rear of the line to "enable [the teacher] to observe the actions of his students and assure that none of his students were left behind."* The motion court erred by denying defendants' motion for summary judgment. A teacher's duty to supervise his or her charges requires "such care of them as a parent of ordinary prudence would

---

* The bulk of the claims that plaintiff's mother makes in her testimony and affidavit in connection with the school's conduct of fire drills are inadmissible. Her statements as to what plaintiff told her had happened during prior fire drills at the school, especially that students were injured every time there was a fire drill, are unsupported hearsay. The mother's claim that she had provided notice to defendants by registering a complaint about the school's conduct of its fire drills is of no value since the mother did not know when and to whom she complained.

observe in comparable circumstances" (*Mirand v City of New York*, 84 NY2d 44, 49 [1994], quoting *Hoose v Drumm*, 281 NY 54, 58 [1939]). Plaintiff's argument that the teacher should have been in the middle or at the end of the line defies common sense. If the teacher had not been at the front of the line, third graders would have been responsible for leading the way out of the school building and judging whether it was safe to cross a trafficked street. No reasonably prudent person would endorse that procedure.

In any event, the alleged lack of supervision, which is solely based on the position of the teacher, could not have been the proximate cause of the injury. Supervision would not have prevented the larger pupils from coming into contact with plaintiff. "Where an accident occurs in so short a span of time that even the most intense supervision could not have prevented it, any lack of supervision is not the proximate cause of the injury and summary judgment in favor of the [defendant school district] is warranted" (*Convey v City of Rye School Dist.*, 271 AD2d 154, 160 [2000]; *see Ronan v School Dist. of City of New Rochelle*, 35 AD3d 429, 430 [2006] [summary judgment granted to school district where student, who was running ahead of plaintiff in a school gym, collided with a wall and fell to the ground, causing plaintiff to trip over him]; *Ceglia v Portledge School*, 187 AD2d 550 [1992] [summary judgment granted to school where plaintiff was tripped in a hallway by another student]). Here, plaintiff's fall was the result of her actions and those of the two students directly behind her. Concur—Saxe, J.P., Friedman, Sweeny, Renwick and Freedman, JJ.

