■ ADAM ARMELLINO, an Infant, by HEIDI ARMELLINO, His Parent and Natural Guardian, et al., Appellants, v JASON THOMASE et al., Defendants, and OCEANSIDE UNION FREE SCHOOL DISTRICT, Respondent. [899 NYS2d 339]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Nassau County (Mahon, J.), entered January 9, 2008, which granted the motion of the defendant Oceanside Union Free School District for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is reversed, on the law, with costs, and the motion of the defendant Oceanside Union Free School District for summary judgment dismissing the complaint insofar as asserted against it is denied.

Schools have a duty to "adequately supervise the students in their charge" and are subject to liability for "foreseeable injuries proximately related to the absence of adequate supervision" (*Mirand v City of New York*, 84 NY2d 44, 49 [1994]). However, schools are not the insurers of the safety of their students, "perfection in supervision" is not required, and schools are not

liable for "every thoughtless or careless act by which one pupil may injure another" (*Lawes v Board of Educ. of City of N.Y.*, 16 NY2d 302, 304, 306 [1965]). Although a school must "take energetic steps to intervene . . . if dangerous play comes to its notice while children are within its area of responsibility" (*id.* at 305), "school personnel cannot reasonably be expected to guard against all of the sudden, spontaneous acts that take place among students daily" (*Mirand v City of New York*, 84 NY2d at 49). Thus, a student's injury which is caused by "the impulsive, unanticipated act of a fellow student ordinarily will not give rise to a finding of negligence absent proof of prior conduct that would have put a reasonable person on notice to protect against the injury-causing act" (*id.*).

The defendant Oceanside Union Free School District (hereinafter the District) failed to meet its prima facie burden of showing that its failure to supervise was not the proximate cause of the infant plaintiff's injuries. In reviewing a motion for summary judgment, the evidence presented by the nonmoving parties, here the plaintiffs, is accepted as true and given the benefit of every reasonable inference (*see Demshick v Community Hous. Mgt. Corp.*, 34 AD3d 518 [2006]; *Secof v Greens Condominium*, 158 AD2d 591 [1990]). Here, the deposition testimony of the infant plaintiff reveals that at recess, while in summer school, the boys in the third grade class were permitted to separate from their other classmates and were not provided with any recreational diversions. The infant plaintiff testified that he and his classmates began throwing pieces of asphalt from the track at each other, and although this activity was prohibited by school regulations, the teacher or teachers assigned to supervise recess failed to notice or halt the activity. The incident escalated, and the infant plaintiff pulled another boy's shirt over his head. The infant plaintiff ran away, this boy chased him, eventually pushing him down, and the infant plaintiff sustained a broken leg that resulted in several surgeries. In light of this evidence, the District's motion for summary judgment should have been denied. Skelos, J.P., Covello, Balkin and Sgroi, JJ., concur.