CYNTHIA GONZALES, an Infant, by Her Mother and Natural Guardian, CYNTHIA GONZALES, et al., Respondents, v MUNCHKINLAND CHILD CARE, LLC, et al., Appellants. [933 NYS2d 710]—

"As a general matter, '[s]chools are under a duty to adequately supervise the students in their charge and they will be held liable for foreseeable injuries proximately related to the absence of adequate supervision' " (*Nash v Port Wash. Union Free School Dist.*, 83 AD3d 136, 146 [2011], quoting *Mirand v City of New York*, 84 NY2d 44, 49 [1994]; *see Tanenbaum v Minnesauke Elementary School*, 73 AD3d 743, 744 [2010]; *Hansen v Bath & Tennis Mar. Corp.*, 73 AD3d 699, 700 [2010]; *Armellino v Thomase*, 72 AD3d 849, 849 [2010]). " 'The defendants, as providers of day care services, owed the plaintiff[s] the same duty of care and supervision owed by a reasonably prudent parent under the circumstances' " (*Douglas v John Hus Moravian Church of Brooklyn, Inc.*, 8 AD3d 327, 328 [2004], quoting *Colarusso v Dunne*, 286 AD2d 37, 40 [2001]). To recover damages pursuant to a cause of action based on negligent supervision, a plaintiff must establish that the defendant's supervision was inadequate, and that the negligent supervision was a proximate cause of the injured plaintiff's injuries (*see e.g. Bloomfield v Jericho Union Free School Dist.*, 80 AD3d 637, 639 [2011]). " '[T]o establish a breach of the duty to provide adequate supervision in a case involving injuries caused by the acts of fellow students, a

plaintiff must show that school authorities had sufficiently specific knowledge or notice of the dangerous conduct which caused injury; that is, that the third-party acts could reasonably have been anticipated' " (*Nash v Port Wash. Union Free School Dist.*, 83 AD3d at 150, quoting *Doe v Department of Educ. of City of N.Y.*, 54 AD3d 352, 353 [2008] [internal quotation marks omitted]; *see Brandy B. v Eden Cent. School Dist.*, 15 NY3d 297, 302 [2010]; *Mirand v City of New York*, 84 NY2d at 49). "[S]chool personnel cannot reasonably be expected to guard against all of the sudden, spontaneous acts that take place among students daily" (*Nash v Port Wash. Union Free School Dist.*, 83 AD3d at 150, quoting *Armellino v Thomase*, 72 AD3d at 850 [internal quotation marks omitted]; *see Mirand v City of New York*, 84 NY2d at 49). " 'Thus, a student's injury which is caused by the impulsive, unanticipated act of a fellow student ordinarily will not give rise to a finding of negligence absent proof of prior conduct that would have put a reasonable person on notice to protect against the injury-causing act' " (*Nash v Port Wash. Union Free School Dist.*, 83 AD3d at 150, quoting *Armellino v Thomase*, 72 AD3d at 850 [internal quotation marks omitted]; *see Mirand v City of New York*, 84 NY2d at 49).

Here, the evidence tendered by the plaintiffs in support of that branch of their motion which was for summary judgment on the issue of liability failed to establish their prima facie entitlement to judgment as a matter of law. Since the plaintiffs failed to meet their prima facie burden, the Supreme Court erred in granting this branch of the plaintiffs' motion, regardless of the sufficiency of the defendants' opposition papers (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]).

We decline to address the defendants' remaining contention because it was improperly raised for the first time on appeal (*see Bay Crest Assn., Inc. v Paar*, 72 AD3d 713, 714 [2010]; *see also Sarva v Chakravorty*, 34 AD3d 438, 439 [2006]; *Orellano v Samples Tire Equip. & Supply Corp.*, 110 AD2d 757, 758 [1985]). Dillon, J.P., Dickerson, Chambers and Miller, JJ., concur.