■ JORGE C., an Infant, by His Mother and Natural Guardian LILLIAN RIVERA, et al., Appellants, v CITY OF NEW YORK et al., Respondents. [8 NYS3d 307]—

Order, Supreme Court, Bronx County (Larry S. Schachner, J.), entered December 9, 2013, which granted the motion of defendants New York City and New York City Board of Education for summary judgment dismissing the complaint, unanimously affirmed, without costs.

According to his deposition testimony, the 10-year-old infant plaintiff was scheduled to attend a gym class in a public park adjacent to his school. He did not see his physical education teacher and went straight to a playground area with several of

his friends. After playing on the swing sets and the slide for most of the period, the infant plaintiff went for a drink at the water fountain near the swings, where Chris, a classmate in his gym class, had picked up a balloon from the ground and filled it with water. Chris was throwing the water balloon "at everybody," and the infant plaintiff, who had finished his drink, ran when Chris was going to throw it at him. Looking back towards Chris, the infant plaintiff collided with a pole, striking his head near the left eyebrow. He started to cry and a friend took him to his teacher, Mr. Mehling, who was on the baseball field adjacent to the playground, "playing a baseball game with the big kids." According to Mr. Mehling, the incident occurred when he was cleaning up equipment on the baseball field at the end of the class, at which time students were allowed to use the water fountain in the playground.

The complaint as against the City of New York was correctly dismissed. The City is a legal entity separate from the Board of Education and cannot be held liable for torts committed by the Board (*see Perez v City of New York*, 41 AD3d 378 [1st Dept 2007], *lv denied* 10 NY3d 708 [2008]).

As to the claim against the Board, it is well settled that "[s]chools are under a duty to adequately supervise the students in their charge and they will be held liable for foreseeable injuries proximately related to the absence of adequate supervision. Schools are not insurers of safety, however, for they cannot reasonably be expected to continuously supervise and control all movements and activities of students; therefore, schools are not to be held liable for every thoughtless or careless act by which one pupil may injure another. A teacher owes it to his [or her] charges to exercise such care of them as a parent of ordinary prudence would observe in comparable circumstances" (*Mirand v City of New York*, 84 NY2d 44, 49 [1994] [internal quotation marks and citations omitted]).

"Even if a breach of the duty of supervision is established, the inquiry is not ended; the question arises whether such negligence was the proximate cause of the injuries sustained" (*id.* at 50). " 'Where an accident occurs in so short a span of time that even the most intense supervision could not have prevented it, any lack of supervision is not the proximate cause of the injury and summary judgment in favor of the [defendant school district] is warranted' " (*Esponda v City of New York*, 62 AD3d 458, 460 [1st Dept 2009], quoting *Convey v City of Rye School Dist.*, 271 AD2d 154, 160 [2d Dept 2000]). Thus, "[a]n injury caused by the impulsive, unanticipated act of a fellow student ordinarily will not give rise to a finding of negligence

absent proof of prior conduct that would have put a reasonable person on notice to protect against the injury-causing act" (*Diana G. v Our Lady Queen of Martyrs Sch.*, 100 AD3d 592, 594 [2d Dept 2012], *lv denied* 20 NY3d 859 [2013]).

Here, even assuming that plaintiff could demonstrate that the supervision during the gym class was inadequate, the Board established a prima facie case for summary judgment by demonstrating that the accident was the result of a series of sudden and spontaneous acts and that any lack of supervision was not the proximate cause of the infant plaintiff's injury (*see Francisquini v New York City Bd. of Educ.*, 305 AD2d 455, 455-456 [2d Dept 2003]; *Janukajtis v Fallon*, 284 AD2d 428, 429-430 [2d Dept 2001]; *Foster v New Berlin Cent. School Dist.*, 246 AD2d 880 [3d Dept 1998]). Although the infant plaintiff did not testify as to exactly how much time elapsed, his testimony as to how the accident occurred, as a whole, demonstrates the injury was caused by the impulsive and unanticipated acts of Chris finding a balloon, filling it with water and attempting to throw the water balloon at the infant plaintiff, and the infant plaintiff's running away and looking backwards, rather than ahead, which no additional supervision could have prevented (*see Rivera v Roman Catholic Church of St. Helena*, 114 AD3d 499 [1st Dept 2014]; *Rosborough v Pine Plains Cent. Sch. Dist.*, 97 AD3d 648 [2d Dept 2012]; *Janukajtis*, 284 AD2d at 430).

In opposition, plaintiff failed to raise a triable issue of fact. Given the sudden and spontaneous nature of the events leading up to the accident, absent proof of prior conduct that would have put a reasonable person on notice to protect against the injury-causing acts, the Board can not be found negligent (*see Diana G.*, 100 AD3d at 594). Concur—Mazzarelli, J.P., Andrias, Saxe, Feinman and Clark, JJ.