MARTIN LOPEZ, Individually and as Father and Natural and Guardian of KEVIN LOPEZ, an Infant, Appellant, v D & D DAY CARE, INC., Respondent. [26 NYS3d 177]—

In an action, inter alia, to recover damages for personal injuries, etc., the plaintiff appeals from an order of the Supreme Court, Nassau County (Bruno, J.), entered January 28, 2015, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff commenced this action on behalf of his son against the defendant, a day care provider, to recover damages for negligent supervision. The plaintiff alleged that his then-eight-year-old son, Kevin, sustained personal injuries while he was in the care of the defendant at a local playground.

The defendant moved for summary judgment dismissing the complaint. In support of its motion, the defendant submitted, among other things, a transcript of Kevin's deposition testimony. Kevin testified that he was hanging by his hands in between two slides at the playground for about five seconds before the accident occurred. He further testified that while he was hanging, a fellow student pulled his hand off of one of the slides, causing him to lose his grip and fall to the ground.

The Supreme Court granted the defendant's motion for summary judgment dismissing the complaint.

The defendant, as a provider of day care services, was under a duty to adequately supervise the children in its charge and may be held liable for foreseeable injuries proximately related to the absence of adequate supervision (*see Mirand v City of New York*, 84 NY2d 44, 49-50 [1994]; *Gonzales v Munchkinland Child Care, LLC*, 89 AD3d 987, 987 [2011]; *Douglas v John Hus Moravian Church of Brooklyn, Inc.*, 8 AD3d 327, 328 [2004]; *Colarusso v Dunne*, 286 AD2d 37, 40 [2001]). In general, the duty of a day care provider is to supervise the children in its care with the same degree of care as a parent of ordinary prudence would exercise in comparable circumstances (*see Mirand v City of New York*, 84 NY2d at 49; *Doe v Department of Educ. of City of N.Y.*, 54 AD3d 352, 353 [2008]). However, a child care provider cannot reasonably be expected to continuously supervise and control all movements and activities of the children in its care, and cannot reasonably be expected to guard against all of the sudden, spontaneous acts that take place among those children (*see Mirand v City of New York*, 84 NY2d at 49; *Gonzales v Munchkinland Child Care, LLC*, 89 AD3d at 987; *Nash v Port Wash. Union Free School Dist.*, 83 AD3d 136, 150 [2011]). To establish a breach of the duty to provide adequate supervision in a case involving injuries caused by the acts of a fellow child, a plaintiff must show that the day care provider "had sufficiently specific knowledge or notice of the dangerous conduct which caused injury; that is, that the third-party acts could reasonably have been anticipated" (*Mirand v City of New York*, 84 NY2d at 49; *see Gonzales v Munchkinland Child Care, LLC*, 89 AD3d at 987; *Nash v Port Wash. Union Free School Dist.*, 83 AD3d at 150; *Doe v Department of Educ. of City of N.Y.*, 54 AD3d at 353).

Here, the defendant established its prima facie entitlement to judgment as a matter of law by submitting evidence demonstrating that the accident was the result of a sudden and unforeseeable act of another child, and that it had no actual or constructive notice of prior similar conduct (*see Maldari v Mount Pleasant Cent. Sch. Dist.*, 131 AD3d 1019, 1020 [2015]; *Convey v City of Rye School Dist.*, 271 AD2d 154, 159-160 [2000]). The defendant further established, prima facie, that the incident occurred in so short a period of time that its alleged lack of supervision was not a proximate cause of Kevin's alleged injuries (*see Baez v City of New Rochelle*, 128 AD3d 993, 993 [2015]; *Jorge C. v City of New York*, 128 AD3d 410, 412 [2015]).

In opposition, the plaintiff failed to raise a triable issue of fact. Accordingly, the Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint.

In light of our determination, we need not reach the defendant's remaining contention. Chambers, J.P., Austin, Miller and LaSalle, JJ., concur.