Gomes v Boy Scouts of Am. (2018 NY Slip Op 03617)





Gomes v Boy Scouts of Am.


2018 NY Slip Op 03617


Decided on May 17, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 17, 2018

Friedman, J.P., Sweeny, Kapnick, Kahn, Oing, JJ.


6584 115435/10

[*1]David E. Gomes, Plaintiff-Appellant,
v
Boy Scouts of America, et al., Defendants-Respondents, Bergen Council of Boy Scouts of America, Inc., etc., et al., Defendants.


Pollack, Pollack, Isaac & DeCicco, LLP, New York (Brian J. Isaac of counsel), for appellant.
Connell Foley LLP, New York (Brian P. Morrissey of counsel), for respondents.



Order, Supreme Court, New York County (Barbara Jaffe, J.), entered on or about March 11, 2016, which granted defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
Plaintiff, at the time a 13-year-old Boy Scout, sustained head injuries while participating in a camping trip at a facility owned and operated by defendants. He alleged that he stumbled and fell at night in the dark, uneven area outside of the camp's shower house, but, although he was wearing a functioning head lamp, had no recollection of what caused his fall. However, some witnesses alleged that plaintiff had been engaged in horseplay in the shower house and fell as he ran from it.
Defendants met their burden to show the negligent supervision claim should be dismissed as a matter of law. Even assuming that plaintiff raises a triable issue of fact as to defendants' violation of 10 NYCRR § 7-2.5(o), given the possible lack of "visual or verbal communications capabilit[y]" while the scouts went to the parking lot and shower house, summary judgment was proper. Those who breach a duty to supervise their charges will only be held liable for foreseeable injuries proximately caused by the absence of adequate supervision (Harris v Five Point Mission-Camp Olmstedt, 73 AD3d 1127, 1128 [2d Dept 2010]), and defendant met its burden to show the accident was not foreseeable as a matter of law.
In opposition, plaintiff failed to raise a triable issue of fact as to foreseeability, citing only his expert's statement that because the boys remained "totally unsupervised and unregulated for a lengthy period of time in a potentially dangerous/hazardous environment," the incident was "reasonably foreseeable." That conclusory opinion assumes, without basis, that the "environment" here was "potentially dangerous/ hazardous." The record shows it was in the vicinity of the shower house, and plaintiff was accompanied by fellow scouts from his troop — scouts with no history of misbehavior, discipline issues, or disobedience and, to the contrary, scouts with a proven record, from their prior week together and the previous camping trips taken by the troop, of walking to bathrooms or showers using the buddy system only, without further adult supervision, and without incident. Defendants were, accordingly, not on notice that an accident was likely to result under the circumstances at issue here (see Kosok v Young Men's Christian Assn. of Greater N.Y., 24 AD2d 113 [1st Dept 1965], affd 19 NY2d 935 [1967]; Osmanzai v Sports & Arts in Schools Found., Inc., 116 AD3d 937 [2d Dept 2014]).
Defendants also met their burden to show, as a matter of law, that any allegedly inadequate supervision was not the proximate cause of plaintiff's injuries, given the impulsive nature of plaintiff's own acts which, as even plaintiff concedes on appeal, initiated the injuries here, combined with the short time span that elapsed between those impulsive acts and his [*2]injuries (see Jorge C. v City of New York, 128 AD3d 410 [1st Dept 2015]; Harris, 73 AD3d at 1127; Gibbud v Camp Shane, Inc., 30 AD3d 865 [3d Dept 2006]). Again, in opposition, plaintiff failed to raise a triable issue of fact, as he did not show that, even with the heightened supervision he claims should have occurred, the accident would have been avoided.
We have considered plaintiff's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 17, 2018
CLERK