Champagne v Lonero Tr., Inc. (2018 NY Slip Op 03959)





Champagne v Lonero Tr., Inc.


2018 NY Slip Op 03959


Decided on June 6, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 6, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
ROBERT J. MILLER
VALERIE BRATHWAITE NELSON
ANGELA G. IANNACCI, JJ.


2016-03921
 (Index No. 17705/13)

[*1]Christian Joel Champagne, etc., et al., respondents,
v
Lonero Transit, Inc., et al., appellants.


Silverman Shin & Byrne PLLC, New York, NY (Andrew Achiron, Michael Byrne, and Wayne S. Stanton of counsel), for appellants.
Louis C. Fiabane, New York, NY (Vincent C. Loiodice of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, etc., the defendants appeal from an order of the Supreme Court, Kings County (Richard Velasquez, J.), dated December 15, 2015. The order denied the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is granted.
On April 12, 2013, the infant plaintiff, who was then a seven-year-old special education student, allegedly was sexually and physically assaulted by two third-grade girls who were also special education students. The incident occurred while the students were being transported on a school bus operated by the defendant Lonero Transit, Inc. (hereinafter the bus company), pursuant to a contract between the bus company and the defendant Board of Education of the City of New York (hereinafter the school board). The infant plaintiff, by his mother, and his mother, derivatively, commenced this action to recover damages for personal injuries against the bus company, the bus driver, the City of New York, the school board, and the New York City Department of Education, alleging, inter alia, inadequate supervision. The defendants moved for summary judgment dismissing the complaint. The Supreme Court denied the motion, and the defendants appeal.
Schools are under a duty to adequately supervise children in their charge, and they will be held liable for foreseeable injuries proximately related to the absence of adequate supervision (see Mirand v City of New York, 84 NY2d 44, 49). Schools are not, however, "insurers of [the] safety [of students] . . . for they cannot reasonably be expected to continuously supervise and control all movements and activities of students" (id. at 49; see Doe v Department of Educ. of City of New York, 54 AD3d 352, 353). A school bus operator owes the "very same duty to the students entrusted to its care and custody" (Thomas v Board of Educ. of Kingston City Consol. School Dist., 291 AD2d 710, 711-712; see Pratt v Robinson, 39 NY2d 554, 560; Doe v Rohan, 17 AD3d 509; Harker v Rochester City School Dist., 241 AD2d 937, 938). In cases involving injury caused by the acts of fellow students, to establish a breach of the duty to provide adequate supervision, plaintiffs must show that school authorities had "sufficiently specific knowledge or notice of the [alleged] dangerous [*2]conduct" (Doe v Department of Educ. of City of New York, 54 AD3d at 353 [internal quotation marks omitted]).
Here, the defendants established their prima facie entitlement to judgment as a matter of law by producing evidence that they had no knowledge or notice of the infant perpetrators' dangerous conduct, as there was no record of any inappropriate conduct by them, sexual or otherwise, prior to the incident (see Brandy B. v Eden Cent. School Dist., 15 NY3d 297, 302-303; Andrew T. B. v Brewster Cent. School Dist., 67 AD3d 837, 838-839; Corona v Suffolk Transp. Serv., Inc., 29 AD3d 726, 726-727; Ghaffari v North Rockland Cent. School Dist., 23 AD3d 342, 343-344). In opposition, the plaintiffs failed to demonstrate the existence of a triable issue of fact (see Brandy B. v Eden Cent. School Dist., 15 NY3d at 302-303).
Accordingly, the Supreme Court should have granted the defendants' motion for summary judgment dismissing the complaint.
In light of our determination, we need not reach the defendants' remaining contentions.
RIVERA, J.P., MILLER, BRATHWAITE NELSON and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court