■ LINDA BOEHME, Appellant, v A.P.P.L.E., A PROGRAM PLANNED FOR LIFE ENRICHMENT, INC., et al., Respondents. [749 NYS2d 49] —In an action, inter alia, to recover damages for negligence and intentional and negligent infliction of emotional distress, the plaintiff appeals from an order of the Supreme Court, Nassau County (McCaffrey, J.), dated July 11, 2001, which granted the defendants' separate motions for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed, with one bill of costs.

In 1992 the defendant Daniel Peck, an unlicensed substance abuse counselor, was the leader of a "supervisor level 2 group" at the defendant A.P.P.L.E., A Program Planned for Life Enrichment, Inc. (hereinafter APPLE). He met the plaintiff, Linda Boehme, an alcoholic, while she was a member of his group. On October 1, 1993, a few months after the plaintiff left Peck's group and graduated to the APPLE reentry facility, Peck received permission from APPLE to date the plaintiff. There is evidence in the record that at the time of his request, APPLE's policies and procedures prohibited relationships between staff members and clients.

Although the plaintiff initially complained to her individual therapist, the defendant Jennifer Eldridge, that Peck seemed distant and uncomfortable in her company and was not affectionate towards her, the plaintiff and Peck became engaged

in December 1994. In February 1995, after she began drinking again, the plaintiff returned to the APPLE reentry facility to live in a more structured environment. After another relapse, Peck and the plaintiff ended their relationship. In May 1995 the plaintiff left an APPLE facility against medical advice and attempted to commit suicide by ingesting nonprescription drugs and alcohol.

In response to the defendants' prima facie showing of entitlement to summary judgment, the plaintiff failed to raise a triable issue of fact that the defendants breached a duty to her or that the breach alleged was a proximate cause of her injuries (*see* CPLR 3212 [b]; *Pulka v Edelman,* 40 NY2d 781, 782). The affidavit of the plaintiff's expert merely stated in conclusory terms that a relationship between the plaintiff and Peck was prohibited (*see Kaplan v Hamilton Med. Assoc.,* 262 AD2d 609). Further, "[t]here is no basis for the proposition that a party may be liable for failing to follow a policy which it has adopted voluntarily, and without legal obligation, especially when there is no showing of detrimental reliance by the plaintiff on the defendant following that policy (*cf.,* Prosser and Keeton, Torts § 56, at 380-381)" (*Newsome v Cservak,* 130 AD2d 637, 638).

The plaintiff's suicide attempt was not a foreseeable consequence of the defendants' alleged negligence (*see Fuller v Preis,* 35 NY2d 425, 429; *Watkins v Labiak,* 282 AD2d 601, 602), and her subjective and self-serving deposition testimony as to why she attempted to commit suicide was insufficient to defeat a motion for summary judgment (*see e.g. Orr v Miner,* 220 AD2d 567). Moreover, the plaintiff may not recover for the alleged emotional harm she suffered as a result of the defendants' actions because there was no evidence that her physical safety was endangered or that she feared for her own physical safety (*see Brown v New York City Health & Hosps. Corp.,* 225 AD2d 36, 44).

The Supreme Court correctly concluded that there was no evidence that the defendants intended to inflict emotional distress upon the plaintiff. Moreover, their conduct was not "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community" (*Howell v New York Post Co.,* 81 NY2d 115, 121-122 [internal quotation marks omitted]).

Moreover, the Supreme Court properly exercised its discretion in considering the late summary judgment motions of APPLE and Eldridge (*see Goodman v Gudi,* 264 AD2d 758). The Supreme Court is afforded wide latitude with respect to

determining whether good cause exists for permitting late motions. It may, as here, entertain belated but meritorious motions in the interest of judicial economy where the opposing party fails to demonstrate prejudice (see Samuel v A.T.P. Dev. Corp., 276 AD2d 685), and where another defendant has served a timely but nearly identical, and as yet undecided, motion for summary judgment (see Miranda v Devlin, 260 AD2d 451). Santucci, J.P., Schmidt, Townes and Mastro, JJ., concur.