■ JANE DOE et al., Respondents, v TY WHITNEY, Defendant, and GOSHEN CHRISTIAN SCHOOL, Appellant. [779 NYS2d 570]—

In an action, inter alia, to recover damages, for negligent hiring and supervision, the defendant Goshen Christian School appeals from an order of the Supreme Court, Orange County (Owen, J.), dated April 3, 2003, which denied its motion for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the motion which was for summary judgment dismissing so much of the complaint as asserted a claim to recover damages for negligent hiring against the defendant Goshen Christian School and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed, without costs or disbursements.

From Fall 1997 to Spring 2000, the defendant Ty Whitney, a first grade teacher at the defendant Goshen Christian School (hereinafter the School), allegedly sexually abused the infant plaintiff. The infant plaintiff and his mother commenced this action to recover damages for personal injuries against Whitney and the School, alleging, inter alia, that the School was liable for negligent hiring and negligent supervision. The School moved for summary judgment dismissing the complaint insofar as asserted against it. The Supreme Court denied the School's motion in its entirety.

The Supreme Court properly denied that branch of the School's motion which was for summary judgment dismissing so much of the complaint as asserted a claim to recover damages for negligent supervision against it. It is well settled that "a school owes its students such care as a parent of ordinary prudence would observe in comparable circumstances" (*Doe v Orange-Ulster Bd. of Coop. Educ. Servs.*, 4 AD3d 387, 388 [2004]). The School demonstrated prima facie entitlement to judgment as a matter of law by submitting the affidavits of teachers that the infant plaintiff exhibited no signs of abuse, and the affidavit of the principal that Whitney was forced to resign as soon as the abuse was discovered. However, the plaintiffs raised triable issues of fact by submitting the deposition testimony of the infant plaintiff, who testified that Whitney often kept him in his first grade classroom at recess, and that Whitney removed the infant plaintiff from his second and third grade classes on a weekly basis, without explanation, and with the consent of those teachers. A factfinder could reasonably conclude that the failure to notice the plaintiff's absence at recess and the teachers' allowing Whitney to constantly remove

the infant plaintiff from class without explanation constituted breaches of the duty of a parent of ordinary prudence (*see Bell v Board of Educ. of City of N.Y.*, 90 NY2d 944, 946 [1997]).

The Supreme Court improperly denied that branch of the School's motion which was for summary judgment dismissing so much of the complaint as asserted a claim to recover damages for negligent hiring against it. A necessary element of a cause of action alleging negligent hiring "is that the employer knew or should have known of the employee's propensity for the conduct which caused the injury . . . There is no common-law duty to institute specific procedures for hiring employees unless the employer knows of facts that would lead a reasonably prudent person to investigate the prospective employee" (*Kenneth R. v Roman Catholic Diocese of Brooklyn*, 229 AD2d 159, 161, 163 [1997]).

The School demonstrated its prima facie entitlement to summary judgment by submitting the affidavit of school board member David Steiginga that he had known Whitney's family for years and that he had recommended Whitney for the position. Steiginga further testified that Whitney was also recommended by his previous employer, and that the entire school board interviewed Whitney before hiring him. In opposition, the plaintiffs failed to raise a triable issue of fact showing that the School was aware of facts that would have led a reasonably prudent person to further investigate Whitney. Thus, so much of the complaint as asserted a cause of action alleging negligent hiring against the school should have been dismissed.

In view of the foregoing, we need not reach the parties' remaining contentions. Florio, J.P., Luciano, Townes and Fisher, JJ., concur.