■ JANE DOE et al., Respondents-Appellants, v JOSEPH RO-HAN, Defendant, WYKAGYL BUS SERVICE et al., Respondents, and CITY SCHOOL DISTRICT OF NEW ROCHELLE, Appellant-Respondent. [793 NYS2d 170]—

In an action to recover damages for personal injuries, etc., the defendant City School District of New Rochelle appeals, as limited by its brief, from so much of an order of the Supreme Court, Westchester County (LaCava, J.), entered February 13, 2004, as denied that branch of its motion which was for summary judgment dismissing the fourth cause of action insofar as asserted against it, and the plaintiffs cross-appeal from so much of the same order as granted the motion of the defendants Wykagyl Bus Service and Beechmont Bus Service, Inc., doing business as Wykagyl Bus Service, for summary judgment dismissing the complaint insofar as asserted against them, and granted those branches of the motion of the defendant City School District of New Rochelle which were for summary judgment dismissing the third, fifth, seventh, eighth, and ninth causes of action insofar as asserted against it.

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the motion of the defendant City School District of New Rochelle which was for summary judgment dismissing the fourth cause of action insofar as asserted against it and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed and cross-appealed from, with one bill of costs to the defendant City School District of New Rochelle and the defendants Wykagyl Bus Service and Beechmont Bus Service, Inc., doing business as Wykagyl Bus Service, appearing separately and filing separate briefs.

In November or December 2000, when the infant plaintiff was nine years old, a school bus driver employed by the defendant bus company began to sexually abuse and molest her. According to the infant plaintiff, the incidents of abuse occurred in the afternoon, when only she and one other child were on the bus. The abuse continued until nearly the end of the school year in June 2001, when the other student who had been present on the bus told his father about the bus driver's actions. At the time the abuse occurred, the infant plaintiff was a fourth grade student at a New Rochelle elementary school, and the defendants Wykagyl Bus Service, and Beechmont Bus Service, Inc., doing business as Wykagyl Bus Service (hereinafter collectively the bus company), transported students to and from the school pursuant to a contract with the defendant City School District of New Rochelle (hereinafter the School District). After the abuse came to light, the bus driver was arrested, and pleaded

guilty, inter alia, to sexual abuse in the first degree and endangering the welfare of a child.

Following the bus driver's conviction, the infant plaintiff and her mother commenced this action against the driver, the bus company, and the School District, seeking to recover damages for personal injuries, etc., based on various theories of liability, including the negligent hiring, retention, and supervision of the driver, and the negligent supervision of the infant plaintiff. The Supreme Court granted the bus company's motion for summary judgment dismissing the complaint insofar as asserted against it, and granted the School District's motion for summary judgment to the extent of dismissing all claims against it, including the claim predicated upon the School District's alleged negligent supervision of the driver. However, the Supreme Court denied that branch of the School District's motion which was for summary judgment dismissing the fourth cause of action, which was predicated upon the School District's alleged negligent supervision of the infant plaintiff. We modify to dismiss the fourth cause of action insofar as asserted against the School District.

A school district owes a duty to adequately supervise the students in its care, and may be held liable for foreseeable injuries proximately related to the absence of adequate supervision (see *Mirand v City of New York*, 84 NY2d 44, 49 [1994]; *Doe v Orange-Ulster Bd. of Coop. Educ. Servs.*, 4 AD3d 387, 388 [2004]). The standard to determine whether a school district has breached its duty is to compare its supervision and protection to that which "a parent of ordinary prudence would observe in comparable circumstances" (*Doe v Orange-Ulster Bd. of Coop. Educ. Servs., supra* at 388; see *David v County of Suffolk*, 1 NY3d 525 [2003]; *Doe v Whitney*, 8 AD3d 610 [2004]; *Dia CC. v Ithaca City School Dist.*, 304 AD2d 955 [2003]). Here, the defendant School District sustained its initial burden of demonstrating its entitlement of judgment as a matter of law on the plaintiffs' fourth cause of action alleging negligent supervision of the infant plaintiff by presenting evidence that the bus driver had no prior criminal history, that no prior complaints of improper conduct had been made against him during his 27 years of employment as a bus driver, and that he had an exemplary employment record. In opposition, the plaintiffs relied upon evidence that the mother of the other student who was present when the abuse occurred had complained that her child was arriving late to an after school program. However, this evidence was insufficient to alert the School District to the possibility that the bus driver was abusing the infant plaintiff, and thus failed to raise an issue of fact as to whether the School

District breached its duty to supervise her (*see Whitfield v Board of Educ. of City of Mount Vernon*, 14 AD3d 552 [2005]; *Dia CC. v Ithaca City School Dist., supra*; *Mary KK. v Jack LL.*, 203 AD2d 840 [1994]).

Contrary to the plaintiffs' contention, the Supreme Court properly concluded that the bus company and the School District were entitled to summary judgment dismissing the first and third causes of action, which sought to impose liability for the negligent hiring, retention, and supervision of the bus driver. "In instances where an employer cannot be held vicariously liable for its employee's torts, the employer can still be held liable under theories of negligent hiring, negligent retention, and negligent supervision . . . However, a necessary element of such causes of action is that the employer knew or should have known of the employee's propensity for the conduct which caused the injury" (*Kenneth R. v Roman Catholic Diocese of Brooklyn*, 229 AD2d 159, 161 [1997], *cert denied* 522 US 967 [1997]; *see Well v Yeshiva Rambam*, 300 AD2d 580 [2002]). Here, in response to the prima facie showings of the bus company and School District that they were entitled to judgment as a matter of law on the negligent hiring, retention, and supervision claims, the plaintiffs failed to come forward with evidence sufficient to raise a triable issue of fact as to whether they knew or should have known that the bus driver had a propensity to commit acts of sexual misconduct (*see Gomez v City of New York*, 304 AD2d 374 [2003]; *Paul J.H. v Lum*, 291 AD2d 894 [2002]; *Honohan v Martin's Food of S. Burlington*, 255 AD2d 627 [1998]; *Avent v Headley*, 252 AD2d 565 [1998]; *Mataxas v North Shore Univ. Hosp.*, 211 AD2d 762 [1995]).

The Supreme Court also correctly determined that neither the bus company nor the School District can be held liable for the bus driver's intentional torts under the doctrine of respondeat superior. "Under the doctrine of respondeat superior, an employer may be vicariously liable for the tortious acts of its employees only if those acts were committed in furtherance of the employer's business and within the scope of employment" (*N.X. v Cabrini Med. Ctr.*, 97 NY2d 247, 251 [2002]). Since the bus driver's acts of sexual abuse and molestation were a clear departure from the scope of his employment, committed solely for personal reasons, and unrelated to the furtherance of his employer's business, neither the bus company nor the School District can be held vicariously liable for his acts (*see N.X. v Cabrini Med. Ctr., supra*; *Steinborn v Himmel*, 9 AD3d 531 [2004]; *Dia CC. v Ithaca City School Dist., supra*; *Kenneth R. v Roman Catholic Diocese of Brooklyn, supra*). Schmidt, J.P., Krausman, Crane and Fisher, JJ., concur.