■ LISA C. GHAFFARI et al., Respondents-Appellants, v NORTH ROCKLAND CENTRAL SCHOOL DISTRICT, Also Known as HAVERSTRAW-STONY POINT CENTRAL SCHOOL DISTRICT, Appellant-Respondent. [804 NYS2d 752]—

In an action, inter alia, to recover damages for negligent hiring and negligent supervision, the defendant appeals from so much of an order of the Supreme Court, Rockland County (Nelson, J.), dated March 8, 2004, as denied that branch of its motion which was for summary judgment dismissing the cause of action alleging negligent supervision, and the plaintiffs cross-appeal from so much of the same order as granted that branch of the defendant's motion which was for summary judgment dismissing the cause of action alleging negligent hiring.

Ordered that the order is reversed insofar as appealed from,

on the law, that branch of the motion which was for summary judgment dismissing the cause of action alleging negligent supervision is granted, and that cause of action is dismissed; and it is further,

Ordered that the order is affirmed insofar as cross-appealed from; and it is further,

Ordered that one bill of costs is awarded to the defendant.

The infant plaintiff, a 10-year-old fifth-grader, was the victim of sexual misconduct by her special education teacher, an employee of the defendant school district, during private speech evaluative testing sessions. The infant plaintiff and her mother commenced this action against the defendant, inter alia, to recover damages for negligent hiring and negligent supervision. The Supreme Court granted that branch of the defendant's motion which was for summary judgment dismissing the cause of action alleging negligent hiring, but denied that branch of the defendant's motion which was for summary judgment dismissing the cause of action alleging negligent supervision.

A school district owes a duty to adequately supervise students in its care, and will be held liable for foreseeable injuries proximately related to the absence of adequate supervision (*see Mirand v City of New York,* 84 NY2d 44, 49 [1994]; *Doe v Orange-Ulster Bd. of Coop. Educ. Servs.,* 4 AD3d 387, 388 [2004]).

The defendant demonstrated its prima facie entitlement to summary judgment dismissing the cause of action alleging negligent supervision by presenting evidence that it had no specific knowledge or notice of the subject teacher's propensity for sexual misconduct (*see Mirand v City of New York, supra; Doe v Rohan,* 17 AD3d 509 [2005]; *Dia CC. v Ithaca City School Dist.,* 304 AD2d 955 [2003]; *Mary KK. v Jack LL.,* 203 AD2d 840 [1994]). In opposition, the plaintiffs failed to raise a triable issue of fact as to whether the defendant provided inadequate supervision by allowing the subject teacher to privately meet with the infant plaintiff (*see Dia CC. v Ithaca City School Dist., supra; Mary KK. v Jack LL., supra*). Here, the teacher's propensity to engage in sexual misconduct with students was not known or foreseeable when these incidents occurred (*see Doe v Rohan, supra*). Therefore, the Supreme Court erred in denying that branch of the defendant's motion which was for summary judgment dismissing the cause of action alleging negligent supervision.

However, the Supreme Court properly granted that branch of the defendant's motion which was for summary judgment dismissing the cause of action alleging negligent hiring. A nec-

essary element of a cause of action to recover damages for negligent hiring is that "the employer knew or should have known of the employee's propensity for the conduct which caused the injury" (*Kenneth R. v Roman Catholic Diocese of Brooklyn,* 229 AD2d 159, 161 [1997], *cert denied* 522 US 967 [1997]; *see Doe v Whitney,* 8 AD3d 610 [2004]; *Oliva v City of New York,* 297 AD2d 789 [2002]). Here, the defendant presented evidence that it had no knowledge of the teacher's propensity for sexual misconduct, and the plaintiffs failed to raise a triable issue of fact (*see Kenneth R. v Roman Catholic Diocese of Brooklyn, supra*). Therefore, that branch of the motion was properly granted.

"It is axiomatic that appellate review is limited to the record made at nisi prius and, absent matters which may be judicially noticed, new facts may not be injected at the appellate level" (*Broida v Bancroft,* 103 AD2d 88, 93 [1984]). Here, the plaintiffs' remaining contention is dependent upon matter dehors the record, which cannot be considered by this Court (*see Bindler v Brown,* 133 AD2d 602, 603 [1987]). H. Miller, J.P., Cozier, Ritter and Dillon, JJ., concur.