■ VICTORIA CORONA et al., Respondents, v SUFFOLK TRANSPORTATION SERVICE, INC., et al., Appellants, et al., Defendant. [815 NYS2d 254]—

In an action to recover damages for personal injuries, etc., the defendants Suffolk Transportation Service, Inc., and Sally Pancotto appeal from an order of the Supreme Court, Suffolk County (Tanenbaum, J.), dated April 20, 2005, which denied their motion for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is reversed, on the law, with costs, the motion is granted, the complaint is dismissed insofar as asserted against the appellants, and the action against the remaining defendant is severed.

During March and April of 2001, the infant plaintiff, then a first-grader, allegedly was assaulted on three separate occasions by a second-grader while being transported on a school bus owned and operated by the defendant Suffolk Transportation Service, Inc. (hereinafter STS), and driven by the defendant Sally Pancotto. The plaintiffs commenced this action alleging, inter alia, that STS and Pancotto (hereinafter collectively the defendants) failed to provide adequate supervision of the students on the bus. The Supreme Court denied the defendants' motion for summary judgment dismissing the complaint insofar as asserted against them. We reverse.

The defendants established their prima facie entitlement to summary judgment by submitting evidence that they had no

actual or constructive notice or knowledge of the assailant's alleged proclivity to engage in misconduct (*see Mirand v City of New York,* 84 NY2d 44, 49 [1994]). The deposition testimony established that there was no prior notice of any problems or complaints regarding the assailant, and that the infant plaintiff did not inform anyone of the assaults until she told her mother about them approximately six months after the latest incident (*see Murnyack v Rebon,* 21 AD3d 1406 [2005]; *Doe v Rohan,* 17 AD3d 509 [2005]).

In opposition, the plaintiffs failed to raise a triable issue of fact as to the defendants' breach of the duty to adequately supervise the students on the bus (*see Zuckerman v City of New York,* 49 NY2d 557 [1980]; *see also Mirand v City of New York, supra*). The affidavit of a licensed clinical social worker who opined, after treating the infant plaintiff, that she was assaulted, was insufficient to raise a triable issue of fact regarding the defendants' notice or knowledge of any prior similar conduct by the assailant (*see Doe v Rohan, supra; Whitfield v Board of Educ. of City of Mount Vernon,* 14 AD3d 552 [2005]).

In light of our determination on the issue of the breach of the defendants' duty of care, we need not reach the issue of proximate cause.

Accordingly, the Supreme Court should have granted the defendants' motion for summary judgment dismissing the complaint insofar as asserted against them. Adams, J.P., Rivera, Skelos and Lifson, JJ., concur.