■ PETER T., Respondent, v CHILDREN's VILLAGE, INC., Appellant, et al., Defendants. [819 NYS2d 44]—

In an action to recover damages for personal injuries, etc., the defendant Children's Village, Inc., appeals, as limited by its brief, from so much of an order of the Supreme Court, Westchester County (LaCava, J.), dated December 15, 2005, as denied those branches of its motion which were for summary judgment dismissing the fourth cause of action, so much of the fifth cause of action as alleged negligent retention and supervision insofar as asserted against it, the sixth, seventh, and eighth causes of action, and the ninth cause of action insofar as asserted against it, and denied those branches of its motion which were to strike the plaintiff's claim of injury raised for the first time in his deposition and for partial summary judgment limiting its liability pursuant to CPLR article 16.

Ordered that the order is modified, on the law, by deleting the provisions thereof denying those branches of the motion which were for summary judgment dismissing the fourth, sixth, seventh, eighth, and ninth causes of action insofar as asserted against the appellant and substituting therefor a provision granting those branches of the motion; as so modified, the order is affirmed, without costs or disbursements.

This action arises out of the alleged sexual molestation of the

plaintiff by the defendant Samuel Toffel. During 1997 another youth, N.M., was a patient at the defendant Westchester County Health·Care Corporation (hereinafter WCHCC) psychiatric hospital. Toffel, a volunteer who worked with N.M.˙at WCHCC, allegedly molested N.M. there. In 1998 N.M. was transferred to the defendant, Children's Village, Inc. (hereinafter CV), which provided treatment and rehabilitation services for troubled juveniles. Toffel allegedly sought to·follow N.M. and was accepted into CV's volunteer program as an individual mentor to N.M., and upon N.M.'s departure, to the plaintiff. Toffel was permitted to take the plaintiff on trips off-premises, including overnight trips to his residence, whereupon he allegedly sexually abused the plaintiff on multiple occasions.

The plaintiff, through his aunt and legal guardian, subsequently commenced this personal injury action against, among others, CV, alleging causes of action sounding in negligent hiring, retention and supervision, respondeat superior, breach of fiduciary duty, and negligent infliction of emotional distress. CV moved for summary judgment dismissing the complaint insofar as asserted against it, and, in the alternative, for partial summary judgment on the issue of apportionment of liability pursuant to CPLR article 16. The Supreme Court granted the motion as to the plaintiff's negligent hiring claim and denied the motion in all other respects.

The Supreme Court erred in denying that branch of CV's motion which was for summary judgment dismissing the fourth cause of action alleging the theory of respondeat superior. The plaintiff conceded that he could not make out this claim. In any event, CV would not be liable for Toffel's alleged tortious conduct which the plaintiff claims caused him injury because Toffel's conduct was not "committed in furtherance of [CV's] business and within the scope of employment" (*N.X. v Cabrini Med. Ctr.,* 97 NY2d 247, 251 [2002]; *see Doe v Rohan,* 17 AD3d 509, 512 [2005]).

Furthermore, the Supreme Court should have granted those branches of CV's motion which were for summary judgment dismissing the breach of fiduciary duty claims articulated in the sixth and eighth causes of action, as well as the claim insofar as asserted against CV in the ninth cause of action derivatively on behalf of the plaintiff's aunt and legal guardian for loss of services. The legal guardian stipulated on April 27, 2005 to withdraw all of her claims against CV. With this withdrawal, the ninth cause of action collapsed against CV and the eighth cause of action insofar as asserted by the aunt collapsed as well. To the extent the eighth cause of action can be read as being as-

serted by the plaintiff, it duplicates the sixth cause of action alleging the same theory. The sixth cause of action, maintained by the plaintiff in his own right, rests on an implicit allegation of a fiduciary relationship, and its breach, by CV's alleged failure to sustain an atmosphere where the plaintiff felt safe to disclose Toffel's sexual abuse.

We agree with the plaintiff that a special in locus parentis relationship existed between CV and him. The relationship may even qualify as a fiduciary one in the sense of one person assuming control and responsibility over another (*see* "fiduciary relationship" [Black's Law Dictionary 640 (7th ed 1999)]), although we do not decide this issue here. CV, however, established its prima facie entitlement to summary judgment dismissing the sixth cause of action by demonstrating that the plaintiff denied Toffel's sexual abuse to his aunt, to the police, and in his testimony at the General Municipal Law § 50-h hearing, revealing the molestation for the first time in his examination before trial. Since the sixth cause of action rests on an allegation that CV breached its fiduciary duty by failing to foster an atmosphere where the plaintiff felt safe to disclose Toffel's sexual abuse, CV established that this failure could not be a proximate cause of Toffel's continued abuse of him. In fact, the plaintiff admitted at his General Municipal Law § 50-h hearing that he believed that the staff at CV would take his complaints seriously but that, in effect, his own credibility problems would inhibit their believing him. The plaintiff, in opposition, failed to raise a triable issue of fact.

The Supreme Court also erred in denying that branch of CV's motion which was to dismiss the seventh cause of action to recover damages for negligent infliction of emotional distress. This cause of action rested, for the most part, on allegations that CV's staff fostered an atmosphere that inhibited the plaintiff from reporting Toffel's sexual abuse of him. Physical injury is not a component of a cause of action for negligent infliction of emotional distress (*see Brown v New York City Health & Hosps. Corp.*, 225 AD2d 36, 44 [1996]; *Lancellotti v Howard*, 155 AD2d 588, 589 [1989]). Nevertheless, "[t]he circumstances under which recovery may be had for purely emotional harm are extremely limited and, thus, a cause of action seeking such recovery must generally be premised upon a breach of a duty owed directly to the plaintiff which either endangered the plaintiff's physical safety or caused the plaintiff fear for his or her own physical safety" (*Lancellotti v Howard, supra* at 589-590; *see Gaylord v Fiorilla*, 28 AD3d 713 [2006]; *Boehme v A.P.P.L.E., A Program Planned for Life Enrichment,*

298 AD2d 540, 541 [2002]; *Brown v New York City Health & Hosps. Corp., supra; see generally* 61 NY Jur 2d, Fright, Shock, and Mental Disturbance, § 11). Here, the plaintiff does not allege that the inhibiting atmosphere he complains of endangered his physical safety or caused him fear for his physical safety (*see Boehme v A.P.P.L.E., supra*). His other allegation in the seventh cause of action, that CV actively created the danger, is without evidentiary support.

Contrary to CV's contentions, however, the Supreme Court properly denied that branch of its motion which was to dismiss so much of the plaintiff's fifth cause of action as alleged negligent retention and supervision insofar as asserted against it. "In instances where an employer cannot be held vicariously liable for its employee's torts, the employer can still be held liable under theories of . . . negligent retention, and negligent supervision" (*Kenneth R. v Roman Catholic Diocese of Brooklyn*, 229 AD2d 159, 161 [1997], *cert denied* 522 US 967 [1997]; *see Doe v Whitney*, 8 AD3d 610, 611 [2004]; *cf. Ghaffari v North Rockland Cent. School Dist.*, 23 AD3d 342, 343 [2005]; *Doe v Rohan, supra* at 512). "[A] necessary element of such causes of action is that the employer knew or should have known of the employee's propensity for the conduct which caused the injury" (*Kenneth R. v Roman Catholic Diocese of Brooklyn, supra* at 161). Here, in response to CV's prima facie showing, the plaintiff submitted evidence sufficient to raise a triable issue of fact as to whether CV knew or should have known that Toffel had a propensity to commit acts of sexual misconduct. Specifically, the plaintiff's General Municipal Law § 50-h hearing and deposition testimony indicate that CV staff had actual notice over an extended period of time that Toffel was bestowing on the plaintiff expensive gifts and cash, as well as taking the plaintiff on regular overnight visits to his residence, all in contravention of CV's own rules and regulations. In addition, the record indicates that Toffel was uncomfortable with the amount of oversight provided by CV staff and with the expectation that he communicate with the plaintiff's social worker. Accordingly, the Supreme Court properly denied that branch of CV's motion which was for summary judgment dismissing so much of the plaintiff's fifth cause of action as sought to impose liability for the negligent retention and supervision of Toffel, insofar as asserted against it.

CV's remaining contentions are without merit. Crane, J.P., Skelos, Fisher and Dillon, JJ., concur.