SUMMARY ORDER

Third-Party-Plaintiff-Appellant appeals from a judgment of the District Court (Seybert, J.) granting Third-Party-Defendants-Appellees’ motion for summary judgment on Plaintiff-Appellant’s claims of negligence and negligent infliction of emotional distress. We assume the parties’ familiarity with the facts, procedural history, and scope of issues presented on appeal.
We review the district court’s grant of summary judgment de novo, construing the evidence in the light most favorable to the nonmoving party. Jaramillo v. Weyerhaeuser Co., 536 F.3d 140, 145 (2d Cir. 2008). “[W]e are ‘required to resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought.’ ” *908 Terry v. Ashcroft, 336 F.3d 128, 137 (2d Cir.2003) (quoting Stern v. Trs. of Columbia Univ., 131 F.3d 305, 312 (2d Cir.1997)). “We review discovery rulings for abuse of discretion.” In re Agent Orange Prod. Liab. Litig., 517 F.3d 76, 102 (2d Cir.2008).
Summary judgment against Plaintiff-Appellant on the negligent infliction of emotional distress claim was proper. New York courts have expressed a “longstanding reluctance to recognize causes of action for negligent infliction of emotional distress, especially in cases where the plaintiff suffered no independent physical or economic injury.” Broadnax v. Gonzalez, 2 N.Y.3d 148, 777 N.Y.S.2d 416, 809 N.E.2d 645, 648 (2004). The cause of action “must generally be premised upon a breach of a duty owed directly to the plaintiff which either endangered the plaintiffs physical safety or caused the plaintiff fear for his or her own physical safety.” Lancellotti v. Howard, 155 A.D.2d 588, 547 N.Y.S.2d 654, 655 (App. Div.1989).
Given the absence of any special circumstances in this case that raise a “likelihood of genuine and serious mental distress ... [and that] guarantee that the claim is not spurious,” Johnson v. State, 37 N.Y.2d 378, 372 N.Y.S.2d 638, 334 N.E.2d 590, 592 (1975) (internal quotation marks omitted), the plaintiffs failure to show that defendant “endangered his physical safety or caused him fear for his physical safety” is fatal to his claim. Peter T. v. Children’s Village, Inc., 30 A.D.3d 582, 819 N.Y.S.2d 44, 47 (App.Div.2006).
Likewise, the district court properly granted summary judgment against Plaintiff-Appellant on his negligence claim. Plaintiff-Appellant has introduced no evidence into the record that would allow a jury to conclude that Providian was negligent in selecting agencies to collect on Plaintiff-Appellant’s unpaid debts, nor did he introduce any evidence from which a jury could find legally compensable damages.
We also find that Plaintiff-Appellant had ample opportunity to conduct discovery, and find no abuse of discretion in the District Court’s refusal to extend the time for discovery. The information sought in the extension request was at best of minor relevance to the issues in dispute.
We have considei’ed Plaintiff-Appellant’s remaining arguments and find them to be without merit.
For the foregoing reasons, the judgment of the District Court is AFFIRMED.