■ WILFREDO BEST, an Infant, by His Mother and Natural Guardian, JOANN BEST, et al., Appellants, v DAK TRANSPORTATION CORP., Respondent. [917 NYS2d 565]—

Order, Supreme Court, Bronx County (Alan J. Saks, J.), entered on or about January 5, 2010, which, in an action alleging negligent supervision, granted defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Defendant established its prima facie entitlement to judgment as a matter of law in this action where infant plaintiff, a special needs child, was injured when he was attacked by another student while a passenger on a school bus owned and operated by defendant. Defendant's submissions included, inter alia, infant plaintiff's testimony that he and his assailant had been friends and that there had never been an altercation between them. Such testimony showed that defendant did not have specific knowledge or notice of the assailant's acts, nor could they have been reasonably anticipated (*see Mirand v City of New York*, 84 NY2d 44, 49 [1994]; *Guzman v City of New York*, 77 AD3d 570 [2010]).

In opposition, plaintiffs failed to raise a triable issue of fact. Plaintiffs did not submit evidence indicating that defendant had notice of the assailant's dangerous conduct toward plaintiff or his propensity to engage in such conduct (*see Corona v Suffolk Transp. Serv., Inc.*, 29 AD3d 726 [2006]; *Michele M. v Board of*

*Educ. of City of N.Y.*, 3 AD3d 370, 372 [2004]), and defendant cannot be expected to guard against spontaneous acts that are "impulsive [and] unanticipated" (*Mirand* at 49; *see Jamal P. v City of New York*, 24 AD3d 301, 304 [2005]). Concur—Saxe, J.P., Friedman, DeGrasse, Freedman and Abdus-Salaam, JJ.