In an action to recover damages for personal injuries, etc., the defendants John Quincy Adams Elementary School and Deer Park Union Free School District appeal from an order of the Supreme Court, Suffolk County (Pastoressa, J.), dated June 24, 2011, which denied their motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.
Ordered that the order is affirmed, with one bill of costs to the plaintiffs-respondents and the defendant-respondent appearing separately and filing separate briefs.
Although an employer cannot be held vicariously liable “for torts committed by an employee who is acting solely for personal motives unrelated to the furtherance of the employer’s business” (Fernandez v Rustic Inn, Inc., 60 AD3d 893, 896 [2009]; see Judith M. v Sisters of Charity Hosp., 93 NY2d 932, 933 [1999]), the employer may be held liable for the negligent hiring and retention of the employee (see Jackson v New York Univ. Downtown Hosp., 69 AD3d 801 [2010]; Sandra M. v St. Luke’s Roosevelt Hosp. Ctr., 33 AD3d 875, 878-879 [2006]; Peter T. v Children’s Vil., Inc., 30 AD3d 582, 586 [2006]; Doe v Rohan, 17 AD3d 509, 512 [2005]).
Moreover, a school district has a duty to exercise the same degree of care toward its students as would a reasonably prudent parent, and will be held liable for foreseeable injuries proximately related to the absence of adequate supervision (see Mirand v City of New York, 84 NY2d 44, 49 [1994]; Nancy Ann *1103 O. v Poughkeepsie City School Dist., 95 AD3d 972 [2012]; Doe v Orange-Ulster Bd. of Coop. Educ. Servs., 4 AD3d 387, 388 [2004]).
Here, the appellants, a school and a school district, failed to make a prima facie showing that they were not negligent with respect to the hiring and retention of the school district employee who allegedly sexually abused the infant plaintiff (see Giangrasso v Association for Help of Retarded Children, 243 AD2d 680 [1997]; Pratt v Ocean Med. Care, 236 AD2d 380, 381 [1997]). The appellants also failed to establish, prima facie, that they discharged their duty to provide adequate supervision of the infant plaintiff (see Doe v Whitney, 8 AD3d 610, 611-612 [2004]; Doe v Orange-Ulster Bd. of Coop. Educ. Servs., 4 AD3d at 388-389; see also Nancy Ann O. v Poughkeepsie City School Dist., 95 AD3d 972 [2012]; Doe v Fulton School Dist., 35 AD3d 1194, 1194-1195 [2006]). Since the appellants failed to meet their burden, we need not consider the sufficiency of the plaintiffs’ opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]). Accordingly, the Supreme Court properly denied the appellants’ motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.
The appellants’ remaining contention is improperly raised for the first time on appeal (see Gonzales v Munchkinland Child Care, LLC, 89 AD3d 987, 988 [2011]; Bay Crest Assn., Inc. v Paar, 72 AD3d 713, 714 [2010]). Rivera, J.E, Eng, Lott and Miller, JJ., concur.