■ KELLY G. et al., Appellants, v BOARD OF EDUCATION OF CITY OF YONKERS, Respondent, et al., Defendants. [952 NYS2d 229]—

Kelly G., and her parents suing derivatively, commenced this action against, among others, the Board of Education of the City of Yonkers (hereinafter the Board) and the City of Yonkers, inter alia, to recover damages for sexual harassment in violation of Executive Law § 296. The plaintiffs contended that in 2006, while Kelly was a student at Saunders Trades and Technical High School in Yonkers, she was the victim of sexual misconduct and harassment by a music teacher employed at the school. Specifically, the plaintiffs alleged in their complaint that on May 4, 2006, the teacher made several lewd and inappropriate sexual remarks to Kelly, and inappropriately touched her in a sexual manner. The Supreme Court granted the motion of the Board and the City of Yonkers for summary judgment dismissing the complaint insofar as asserted against each of them. The plaintiffs appeal from so much of the order as granted those branches of the motion which were for summary judgment dismissing the complaint insofar as asserted against the Board.

The plaintiffs' second cause of action alleges that the Board, among other things, failed to provide adequate supervision to the students in its care, and negligently retained and supervised the subject teacher. Although, under the circumstances of this case, the Board cannot be held vicariously liable for the subject teacher's torts (see N.X. v Cabrini Med. Ctr., 97 NY2d 247, 251 [2002]; Doe v Rohan, 17 AD3d 509, 512 [2005]), it "can still be held liable under theories of negligent hiring, negligent retention, and negligent supervision" (Kenneth R. v Roman Catholic Diocese of Brooklyn, 229 AD2d 159, 161 [1997], cert denied 522 US 967 [1997]; see Peter T. v Children's Vil., Inc., 30 AD3d 582, 586 [2006]; Doe v Rohan, 17 AD3d at 511). "[A] necessary element of such causes of action is that the employer knew or should have known of the employee's propensity for the conduct which caused the injury" (Kenneth R. v Roman Catholic Diocese of Brooklyn, 229 AD2d at 161; see Ghaffari v North Rockland Cent. School Dist., 23 AD3d 342, 343-344 [2005]).

In addition, a school owes a duty to adequately supervise the students in its care, and may be held liable for foreseeable injuries proximately related to the absence of adequate supervision (see Brandy B. v Eden Cent. School Dist., 15 NY3d 297, 302

[2010]; *Mirand v City of New York*, 84 NY2d 44, 49 [1994]; *Ghaffari v North Rockland Cent. School Dist.*, 23 AD3d at 343). The standard for determining whether the school has breached its duty is to compare the school's supervision and protection to that of a parent of ordinary prudence placed in the same situation and armed with the same information (*see Mirand v City of New York*, 84 NY2d at 49; *Ferraro v North Babylon Union Free School Dist.*, 69 AD3d 559, 561 [2010]; *Doe v Orange-Ulster Bd. of Coop. Educ. Servs.*, 4 AD3d 387, 388 [2004]).

In opposition to the Board's prima facie showing of entitlement to judgment as a matter of law, the plaintiffs raised a triable issue of fact as to whether the subject teacher's propensity to engage in sexual misconduct with students was known to the Board or should have been known to it before these incidents occurred (*see Doe v Chenango Val. Cent. School Dist.*, 92 AD3d 1016 [2012]; *Peter T. v Children's Vil., Inc.*, 30 AD3d at 586; *Doe v Lorich*, 15 AD3d 904 [2005]; *Doe v Whitney*, 8 AD3d 610, 611-612 [2004]; *Colon v Jarvis*, 292 AD2d 559, 560-561 [2002]; *Murray v Research Found. of State Univ. of N.Y.*, 283 AD2d 995, 996 [2001]; *cf. Ghaffari v North Rockland Cent. School Dist.*, 23 AD3d 342 [2005]). Specifically, the plaintiffs submitted evidence that the Board had previously commenced an administrative disciplinary proceeding against the subject teacher based on similar complaints by female students in another school in the district where he was teaching at the time. Further, certain of those allegations were sustained, with the Board concluding that the subject teacher had engaged in "unacceptable and inappropriate conduct" when interacting with female students on certain occasions, and such findings led to him being suspended without pay for one school term. Accordingly, the Supreme Court erred in granting that branch of the motion which was for summary judgment dismissing the second cause of action, as well as the fifth and eighth causes of action, which were derivative claims alleging negligent supervision brought on behalf of Kelly's parents.

However, the Supreme Court properly granted those branches of the motion which were for summary judgment dismissing the eleventh and thirteenth causes of action, which allege violations of Executive Law § 296 (4) and (6), respectively. The Board is not an "education corporation or association" as contemplated by Executive Law § 296 (4), since it is not a "private, nonsectarian entit[y] . . . exempt from taxation under RPTL article 4" (*Matter of North Syracuse Cent. School Dist. v New York State Div. of Human Rights*, 19 NY3d 481, 490 [2012]). Furthermore, the plaintiffs cannot impose liability on the Board

for aiding and abetting a violation of the Human Rights Law pursuant to Executive Law § 296 (6) where, as here, no violation of the Human Rights Law has been established (*see Barbato v Bowden*, 63 AD3d 1580, 1582 [2009]; *Strauss v New York State Dept. of Educ.*, 26 AD3d 67, 73 [2005]). Skelos, J.P., Florio, Roman and Miller, JJ., concur.