■ BICOUNTY BROKERAGE CORP., Respondent, v BURLINGTON INSURANCE COMPANY et al., Defendants, and BUCKINGHAM BADLER ASSOCIATES, Appellant. [957 NYS2d 161]—

The defendant Buckingham Badler Associates (hereinafter Buckingham) was a surplus lines wholesale broker with whom the defendant Burlington Insurance Company (hereinafter Burlington) had contracted to act as a general managing agent. In or around November 2001, nonparty P & T Contracting Corp. (hereinafter P & T) retained the plaintiff, Bicounty Brokerage Corp. (hereinafter Bicounty), to procure commercial general liability insurance. Bicounty contacted a Buckingham employee with whom it had dealt on a regular basis, and submitted an application for a policy that would provide the requested coverage. Thereafter, Bicounty received from the Buckingham employee what purported to be a document binding an insurance policy on behalf of Burlington, and providing coverage to P & T for the period from November 30, 2001, through November 30, 2002, and naming the City of New York as an additional insured. However, after a personal injury action was commenced against the City regarding a slip-and-fall accident in P & T's work area, Burlington denied the City's claim on the ground that a search of its records revealed that no such policy had been issued.

Bicounty commenced this action seeking, inter alia, a judgment declaring that Burlington is obligated to defend and indemnify P & T in several underlying personal injury actions, and to recover damages against Buckingham for its negligence in failing to procure insurance coverage, as set forth in the binder issued by Buckingham. Thereafter, nine additional actions were commenced against P & T during the period in which the insurance policy was to have been in effect.

After the filing of a note of issue in the instant action, Burlington timely moved for summary judgment, inter alia, declaring that it was not obligated to defend or indemnify P & T or the City in the underlying personal injury actions. Buckingham did not, at that time, cross-move for summary judgment. In an order dated March 5, 2010 (hereinafter the March 5 order), the Supreme Court granted those branches of Burlington's motion which were, in effect, for summary judgment declaring that it was not obligated to defend or indemnify P & T or the City with regard to eight of the underlying actions, based on Bicounty's failure to provide timely notice of those claims.

Thereafter, Burlington moved for leave to reargue those branches of its prior motion which had been denied by the Supreme Court. Buckingham cross-moved for an order "clarifying the order of the Court dated March 5, 2010," arguing that

the previous order was "ambiguous because it did not expressly state that [Buckingham] is entitled to the same relief granted to Burlington." Buckingham argued that, since the court had found that the proximate cause of Bicounty's damages with regard to eight of the underlying actions was Bicounty's own negligence in providing late notice, Buckingham could not be found liable for its own alleged failures to procure insurance covering the claims that are the subjects of the underlying actions. In an order dated August 6, 2010, the Supreme Court denied both Burlington's motion and Buckingham's cross motion on the merits. Buckingham appeals from so much of the order dated August 6, 2010, as denied its cross motion. We affirm, albeit on grounds that were argued to the Supreme Court and to this Court, but not relied upon by the Supreme Court.

Buckingham's cross motion, while denominated as one to "clarify" the March 5 order, was, in effect, an untimely cross motion for summary judgment (*see* CPLR 3212 [a]). Generally, a cross motion for summary judgment made more than 120 days after the filing of a note of issue may be considered on its merits if there is a timely pending motion for summary judgment made by another party on nearly identical grounds (*see Grande v Peteroy*, 39 AD3d 590, 591-592 [2007]; *Bressingham v Jamaica Hosp. Med. Ctr.*, 17 AD3d 496, 497 [2005]; *Boehme v A.P.P.L.E., A Program Planned for Life Enrichment*, 298 AD2d 540 [2002]; *Miranda v Devlin*, 260 AD2d 451 [1999]). Here, however, Buckingham's cross motion, in effect, for summary judgment was not responsive to a timely, pending motion for summary judgment and, therefore, the Supreme Court was without authority to consider it on its merits (*see Brill v City of New York*, 2 NY3d 648, 650-651 [2004]).

Buckingham's remaining contentions have been rendered academic by our determination. Dillon, J.P., Leventhal, Austin and Miller, JJ., concur.