The plaintiffs’ complaint alleged that the defendant Allegro Vivace Music School, Inc. (hereinafter Allegro), among other things, negligently supervised the defendant teacher, who sexually molested the infant plaintiff. Under the circumstances of this case, Allegro cannot be held vicariously liable for the subject teacher’s torts (see N.X. v Cabrini Med. Ctr., 97 NY2d 247, 251 [2002]; Perez v City of New York, 79 AD3d 835, 836-837 [2010]; Jackson v New York Univ. Downtown Hosp., 69 AD3d 801, 801 [2010]; Doe v Rohan, 17 AD3d 509, 512 [2005]). Moreover, it cannot be held liable under a theory of negligent supervision (see Kelly G. v Board of Educ. of City of Yonkers, 99 AD3d 756, 757-758 [2012]; Peter T. v Children’s Vil., Inc., 30 AD3d 582, 586 [2006]; Doe v Rohan, 17 AD3d at 511; Kenneth R. v Roman Catholic Diocese of Brooklyn, 229 AD2d 159, 161 [1997], cert denied 522 US 967 [1997]). A necessary element of such a cause of action is that the employer knew or should have known of the employee’s propensity for the conduct which caused the injury (see Kelly G. v Board of Educ. of City of Yonkers, 99 AD3d at 757-758; S.C. v New York City Dept. of Educ., 97 AD3d 518, 519 [2012]; Ghaffari v North Rockland Cent. School Dist., 23 *801 AD3d 342, 343-344 [2005]; Kenneth R. v Roman Catholic Diocese of Brooklyn, 229 AD2d at 161). Here, the Supreme Court properly found that in response to Allegro’s prima facie showing of entitlement to judgment as a matter of law, the plaintiffs failed to raise a triable issue of fact (see Shor v Touch-N-Go Farms, Inc., 89 AD3d 830, 831-832 [2011]; Ghaffari v North Rockland Cent. School Dist., 23 AD3d at 343; Doe v Rohan, 17 AD3d at 511-512).
Accordingly, the Supreme Court properly granted Allegro’s motion for summary judgment dismissing the complaint insofar as asserted against it.
The plaintiffs’ remaining contentions are without merit or need not be addressed in light of our determination. Rivera, J.P., Balkin, Hall and Sgroi, JJ., concur.