◼ HUMBERTO LIZARZABURO et al., as Administrators of the Estate of ALEJANDRO PEDRO LIZARZABURO PANDURO, Deceased, Appellants, v PAUL SCHMERGEL et al., Defendants, and PATRICIA SCHMERGEL et al., Respondents. [23 NYS3d 341]—

In an action to recover damages for personal injuries and wrongful death, the plaintiffs appeal, as limited by their brief, (1) from so much of an order of the Supreme Court, Nassau County (Jaeger, J.), entered August 23, 2013, as granted the separate cross motions of the defendants Patricia Schmergel

and Alma Rios for summary judgment dismissing the amended complaint insofar as asserted against each of them, and denied, as academic, their motion for summary judgment on the amended complaint, (2) from so much of a judgment of the same court entered September 19, 2013, as, upon the order, is in favor of the defendant Alma Rios and against them, dismissing the amended complaint insofar as asserted against her, and (3), as limited by their brief, from so much of a judgment of the same court entered September 23, 2013, as, upon the order, is in favor of the defendant Patricia Schmergel and against them, dismissing the amended complaint insofar as asserted against her.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgments are affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the respondents.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeals from the judgments (*see* CPLR 5501 [a] [1]).

On August 16, 2008, the plaintiffs' decedent drowned in a swimming pool on residential property owned by the defendant Patricia Schmergel. According to transcripts of deposition testimony submitted by Schmergel, she was away on vacation at the time. Earlier that day, the decedent and another man accompanied the defendant Alma Rios, Schmergel's housekeeper, to the property, and the two men sat on a patio in the backyard, adjacent to the swimming pool, drinking alcohol they had brought to the premises, while Rios worked in and around the house. At one point, without Rios's permission, the decedent entered the pool. Later, Rios gave the decedent a towel and took his clothes to a dryer in the basement of the house. The other man went inside the house to use the bathroom. When Rios and the other man returned to the backyard, they found the decedent at the bottom of the pool. According to the plaintiff's expert, the decedent's blood alcohol content at the time of the accident would have rendered the decedent "severely intoxicated."

The plaintiffs, as administrators of the decedent's estate, commenced this action to recover damages for personal injuries and wrongful death against, among others, Schmergel and Rios. The plaintiffs moved for summary judgment on the

amended complaint, and Rios and Schmergel cross-moved, inter alia, for summary judgment dismissing the amended complaint insofar as asserted against them.

The Supreme Court properly granted the separate cross motions of Rios and Schmergel for summary judgment dismissing the complaint insofar as asserted against them. Contrary to the plaintiffs' contention, Rios had no common-law duty to protect the decedent from the results of his own voluntary intoxication (*see Sheehy v Big Flats Community Day*, 73 NY2d 629, 636-637 [1989]). Moreover, even if Rios had such a duty, Schmergel demonstrated, prima facie, that she could not be held vicariously liable for Rios's alleged tortious acts, since they were undertaken for personal reasons, unrelated to her duties for Schmergel (*see Doe v Rohan*, 17 AD3d 509, 512 [2005]). Schmergel also demonstrated, prima facie, that she did not breach her duty, as a landowner, to act reasonably to prevent harm to persons on her property (*see D'Amico v Christie*, 71 NY2d 76, 85 [1987]; *Basso v Miller*, 40 NY2d 233, 241 [1976]). In opposition, the plaintiffs failed to raise a triable issue of fact.

The plaintiffs' remaining contention is without merit. Eng, P.J., Mastro, Cohen and Miller, JJ., concur.