KM v Fencers Club, Inc. (2018 NY Slip Op 05923)





KM v Fencers Club, Inc.


2018 NY Slip Op 05923


Decided on August 29, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 29, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SANDRA L. SGROI
JOSEPH J. MALTESE
FRANCESCA E. CONNOLLY, JJ.


2016-06186
 (Index No. 21342/12)

[*1]KM, etc., et al., respondents, 
v
Fencers Club, Inc., appellant, et al., defendant.


Steven F. Goldstein, LLP, Carle Place, NY, for appellant.
The Cochran Firm (Norman A. Olch, New York, NY, of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, etc., the defendant Fencers Club, Inc., appeals from an order of the Supreme Court, Kings County (Genine D. Edwards, J.), dated May 13, 2016. The order denied the motion of that defendant for summary judgment dismissing the complaint insofar as asserted against it.
ORDERED that the order is reversed, on the law, with costs, and the motion of the defendant Fencers Club, Inc., for summary judgment dismissing the complaint insofar as asserted against it is granted.
The plaintiff KM (hereinafter the infant plaintiff) attended an after-school fencing program run by the defendant Fencers Club, Inc. (hereinafter Fencers Club). It is undisputed that the defendant Nitai Kfir, a fencing coach at Fencers Club, engaged in an unlawful sexual relationship with the infant plaintiff, for which Kfir pleaded guilty to felony charges and was sentenced to prison. The infant plaintiff, by her mother, and her mother individually, commenced this action to recover damages for personal and derivative injuries against Fencers Club and Kfir. As against Fencers Club, the plaintiffs sought to recover under theories of negligent hiring and supervision, negligent infliction of emotional distress, and respondeat superior. Following discovery, Fencers Club moved for summary judgment dismissing the complaint insofar as asserted against it. The Supreme Court denied the motion, and Fencers Club appeals.
As an initial matter, Fencers Club established its prima facie entitlement to judgment as a matter of law dismissing the cause of action seeking to hold it liable under the doctrine of respondeat superior, as Kfir's misconduct was committed for wholly personal motives, and not in furtherance of Fencers Club's business and within the scope of his employment (see N.X. v Cabrini Med. Ctr., 97 NY2d 247, 251-252). In opposition, the plaintiffs failed to raise a triable issue of fact (see Zuckerman v City of New York, 49 NY2d 557, 562).
A necessary element of a cause of action alleging negligent hiring or negligent supervision of an employee is that the "employer knew or should have known of the employee's propensity for the conduct which caused the injury" (Kenneth R. v Roman Catholic Diocese of Brooklyn, 229 AD2d 159, 161; see Ronessa H. v City of New York, 101 AD3d 947, 948; Sandra M. [*2]v St. Luke's Roosevelt Hosp. Ctr., 33 AD3d 875, 879). Here, Fencers Club established its prima facie entitlement to judgment as a matter of law by demonstrating that it had no knowledge of any propensity by Kfir to commit sexual misconduct, either prior to or during his employment with Fencers Club (see Shor v Touch-N-Go Farms, Inc., 89 AD3d 830, 831-832; Ghaffari v North Rockland Cent. School Dist., 23 AD3d 342, 344). The coaches, parents, and students of the club were shocked when they learned of the criminal misconduct, which took place outside of Fencers Club's premises and in Kfir's apartment. Although it was later revealed that Kfir gave massages to the infant plaintiff and another fencing student in a workout room, and that he made sexually provocative comments toward the infant plaintiff during fencing lessons, these incidents were never reported to Fencers Club. Much of the communication between the infant plaintiff and Kfir took place by cell phone or text message, outside of Fencers Club's purview.
In opposition, the plaintiffs failed to raise a triable issue of fact (see Zuckerman v City of New York, 49 NY2d at 562). Although the plaintiffs point to the fact that Fencers Club did not conduct criminal background checks prior to hiring their instructors, "[t]here is no common-law duty to institute specific procedures for hiring employees unless the employer knows of facts that would lead a reasonably prudent person to investigate the prospective employee" (Kenneth R. v Roman Catholic Diocese of Brooklyn, 229 AD2d at 163; see Sandra M. v St. Luke's Roosevelt Hosp. Ctr., 33 AD3d at 879). Here, there was no evidence that Fencers Club had knowledge of any facts that would have caused a reasonably prudent person to conduct a criminal background check on Kfir. Moreover, the plaintiffs failed to come forward with any evidence that a criminal background check of Kfir would have revealed a propensity to commit sexual assault (see Day v J. Vlachos Hellenic Serv. Sta., 2 AD3d 482).
Further, Fencers Club established its prima facie entitlement to judgment as a matter of law dismissing the cause of action alleging negligent infliction of emotional distress by demonstrating that it did not breach a duty of care owed to the infant plaintiff (see Peter T. v Children's Vil., Inc., 30 AD3d 582, 585-586). In opposition, the plaintiffs failed to raise a triable issue of fact (see Zuckerman v City of New York, 49 NY2d at 562).
In light of the foregoing, we need not reach Fencers Club's alternative contention that it was not liable for Kfir's conduct under a theory that he was an independent contractor.
Accordingly, the Supreme Court should have granted Fencers Club's motion for summary judgment dismissing the complaint insofar as asserted against it.
CHAMBERS, J.P., SGROI, MALTESE and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court