Fain v Berry (2024 NY Slip Op 03032)

Fain v Berry

2024 NY Slip Op 03032

Decided on June 5, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 5, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
BETSY BARROS
LILLIAN WAN
CARL J. LANDICINO, JJ.

2023-08006
 (Index No. 7671/19)

[*1]Karen Lee Fain, appellant, 
v
Jeffrey George Berry, et al., defendants, Cornwall Central School District, et al., respondents.

Michael G. Dowd (Sweeney, Reich & Bolz, LLP, Lake Success, NY [Michael H. Reich], of counsel), for appellant.
The Mills Law Firm, LLP, Clifton Park, NY (Christopher K. Mills of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for negligence, the plaintiff appeals from an order of the Supreme Court, Orange County (Leonard D. Steinman, J.), dated June 29, 2023. The order, insofar as appealed from, granted that branch of the motion of the defendants Cornwall Central School District and Board of Education of the Cornwall Central School District which was for summary judgment dismissing the cause of action alleging negligent supervision of the plaintiff insofar as asserted against them.
ORDERED that the order is modified, on the law, by deleting the provision thereof granting that branch of the motion of the defendants Cornwall Central School District and Board of Education of the Cornwall Central School District which was for summary judgment dismissing so much of the cause of action alleging negligent supervision of the plaintiff as was based on conduct that was alleged to have occurred prior to the plaintiff's 17th birthday insofar as asserted against them, and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed insofar as appealed from, with costs to the plaintiff.
The plaintiff commenced this action, inter alia, pursuant to the Child Victims Act (see CPLR 214-g; hereinafter the CVA), alleging that the defendants Cornwall Central School District and Board of Education of the Cornwall Central School District (hereinafter together the defendants), among others, were liable under different theories of negligence for sexual abuse perpetrated by a teacher against the plaintiff when she was a high school student. The defendants moved for summary judgment dismissing the complaint insofar as asserted against them on the ground that the CVA did not revive any causes of action that were based on conduct that occurred after the plaintiff turned 17 years old and that the alleged sexual abuse occurred off school grounds and outside of school hours. The plaintiff opposed the motion.
In an order dated June 29, 2023, the Supreme Court, among other things, granted that branch of the defendants' motion which was for summary judgment dismissing the cause of action alleging negligent supervision of the plaintiff insofar as asserted against them. The plaintiff appeals.
The Supreme Court properly determined that the CVA revives only causes of action that are based on acts that would constitute a violation of article 130 of the Penal Law. The CVA provides for the revival of causes of action, as is relevant here, "alleging . . . negligent acts or omissions by a person for physical, psychological, or other injury or condition suffered as a result of conduct which would constitute a sexual offense as defined in article one hundred thirty of the penal law" (id.). The allegations of criminal conduct against the teacher were based on the plaintiff's inability to consent to sexual conduct due to the plaintiff's age, which ended when the plaintiff turned 17 years old (see Penal Law § 130.05[3][a]). Accordingly, the court properly determined that the CVA did not revive so much of the cause of action alleging negligent supervision of the plaintiff as was related to alleged conduct that occurred after the plaintiff turned 17 years old, and the court properly declined to consider any acts that occurred after the plaintiff turned 17 years old that may have put the defendants on notice of the alleged abuse or the teacher's propensity to sexually abuse students.
However, the Supreme Court should have denied that branch of the defendants' motion which was for summary judgment dismissing so much of the cause of action alleging negligent supervision of the plaintiff as was based on alleged conduct that occurred before the plaintiff turned 17 years old insofar as asserted against them. A school "owes a duty to adequately supervise the students in its care, and may be held liable for foreseeable injuries proximately related to the absence of adequate supervision" (Fernandez v City of Yonkers, 139 AD3d 895, 896 [internal quotation marks omitted]; see Doe v Rohan, 17 AD3d 509, 511). "The standard for determining whether the school has breached its duty is to compare the school's supervision and protection to that of a parent of ordinary prudence placed in the same situation and armed with the same information" (Wienclaw v East Islip Union Free Sch. Dist., 192 AD3d 945, 946 [internal quotation marks omitted]). Where alleged negligent supervision results in "'injuries related to an individual's intentional acts, the plaintiff generally must [establish as an element of the cause of action] that the school knew or should have known of the individual's propensity to engage in such conduct, such that the individual's acts could be anticipated or were foreseeable'" (MCVAWCD-DOE v Columbus Avenue Elementary Sch., 225 AD3d 845, 847, quoting Burdo v Cold Spring Harbor Cent. Sch. Dist., 219 AD3d 1481, 1482).
Here, the defendants established their prima facie entitlement to judgment as a matter of law dismissing so much of the cause of action alleging negligent supervision of the plaintiff as was based on alleged conduct that occurred prior to the plaintiff's 17th birthday insofar as asserted against them. The defendants' submissions included, inter alia, the transcript of the plaintiff's deposition testimony, wherein the plaintiff testified that all of the sexual abuse occurred off school property and outside of school hours (see generally Pratt v Robinson, 39 NY2d 554, 560; Doe v Hauppauge Union Free Sch. Dist., 213 AD3d 809, 810). In opposition, however, the plaintiff demonstrated the existence of a triable issue of fact through the submission of her own affidavit, wherein she averred that the teacher singled her out for attention, made extended eye contact with her, winked at her, and complimented her appearance in front of other staff in school. According to the plaintiff, the teacher made comments directly to other staff and in the presence of other students about the plaintiff's appearance, and the teacher made arrangements with the plaintiff during school hours and on school grounds to meet after school where the alleged abuse took place (see Johansmeyer v New York City Dept. of Educ., 165 AD3d 634, 636; Doe v Whitney, 8 AD3d 610, 612).
DUFFY, J.P., BARROS, WAN and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court